GEORGE SWANSON ET AL V. STATE

No. 31,468. March, 1960

Motion to Reinstate Appeal Overruled April 20, 1960

P. P. *Ballowe,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, Dallas, and *Phil Burleson, John J. Fagan,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellants were sureties upon the appearance bond of George Swanson in two criminal cases. Judgment nisi was entered in each case when the defendant failed to appear, and in each case the judgment was made final in September 1957.

Appellants, as plaintiffs, brought suit against the sheriff, criminal district attorney and district clerk of Dallas County on April 8, 1959, and alleged in paragraph 5 of their petition:

"Plaintiffs further show that the Defendants herein are seeking to treat said judgments as valid and binding on these Plaintiffs, and that although time for appeal or writ of error from such judgments have long since passed and Plaintiffs have no remedy by appeal, nonetheless, said judgments on their face being void, are subject to either or both collateral and direct attack, and for that reason, Plaintiffs bring this action to have said judgments declared null and void and to restrain the Defendants from attempting to enforce said judgments against them by execution or otherwise."

Neither George Swanson nor the state was made a party to the injunction suit.

After hearing, the trial court entered judgment which reads, in part:

"Be it remembered that on this the 2nd day of October, 1959, came on to be heard the suit filed by sureties E. Colley Sullivan and M. E. Fields by which they sought to have declared null and void the final judgments rendered in each of the foregoing bond forfeiture proceedings, and sought to have the Court issue an injunction permanently enjoining the state of Texas, Bill Shaw, the District Clerk of Dallas County, and Henry Wade,

the Criminal District Attorney of Dallas County, from any further efforts to collect the final judgments in each of the above cases, and all parties appeared in person and by attorney and announced ready for trial (said two causes being consolidated and tried as one by agreement of the parties, since they involve the same legal question), and the Court having heard the pleadings, the evidence and argument of counsel, is of the opinion that the surety plaintiffs are not entitled to any relief, and that their suit was belatedly filed.

"It is therefore ordered, adjudged and decreed by the Court that plaintiffs' petition be in all things refused and denied and their application for an injunction to prevent the levy by the sheriff under said judgments is hereby in all things refused and denied, * * * ."

From this judgment notice of appeal to this court was given.

We are without jurisdiction to enter any order herein other than to dismiss the appeal.

This is not a criminal case but an injunction suit; a suit in equity or bill of review. As appellants alleged in their petition, it was instituted long after the time for appeal or writ of error had expired, "and plaintiffs have no remedy by appeal."

The jurisdiction of this court in bond forfeiture cases is restricted by statute to appeals and writs of error "from every final judgment rendered upon a recognizance bail bond * * * ."

The order denying appellant's prayer for injunction, which the transcript designates as "Court's final judgment on forfeiture" is in fact a judgment denying the injunctive relief prayed for in an equity suit.

Appellants having admittedly lost the right to complain of the bond forfeiture on appeal, such right was not revived by their unsuccessful effort to obtain injunctive relief.

In Glenn v. State, 155 Tex. Cr. R. 498, 236 S.W. 2d 809, this court entertained the appeal from a motion to quash the execution issued upon a judgment forfeiting bail which had become dormant. We do not deem the Glenn case authority under which we could entertain an appeal in an injunction suit.

The appeal is dismissed.