**Joseph L. LeMIER et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**Steven A. WORTZ et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. 46196, 46197.**

Court of Criminal Appeals of Texas.

Dec. 6, 1972.

On Rehearing Feb. 7, 1973.

Joseph (Sib) Abraham, Jr., Anthony C. Aguilar, El Paso, for appellants.

Steve W. Simmons, Dist. Atty., Gary B. Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

These are appeals in bond forfeiture proceedings.

Article 44.42, Vernon's Ann.C.C.P., provides that,

"An appeal may be taken by the defendant *from every final judgment* ren-

dered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is for twenty dollars or more, exclusive of costs, but not otherwise." (Emphasis added.)

See also Article 44.43, Vernon's Ann.C.C. P.

Article 44.44, Vernon's Ann.C.C.P., also provides:

"In the cases provided for in the two preceding Articles, the proceeding shall be regulated by the same rules that govern civil actions where an appeal is taken or a writ of error sued out."

We find in the records of these causes judgments nisi and amended judgments nisi, but nowhere do we find any final judgments so as to give this court jurisdiction. See Swanson v. State, 169 Tex.Cr.R. 390, 334 S.W.2d 179 (1950); Bostick v. State, 81 Tex.Cr.R. 404, 195 S.W. 682 (1917).

Further, even if there were final judgments in the records, the court would not be able to consider the statement of facts in absence of approval of the same as required by Rule 377(d), Texas Rules of Civil Procedure.

The appeals are dismissed.

## ON APPELLANTS' MOTION FOR REHEARING

ODOM, Judge.

On original submission these appeals were dismissed because no final judgments appeared in the records and the statement of facts was not approved.

There now appears in the record a final judgment for both causes and the statement of facts has been approved in compliance with Rule 377(d), Texas Rules of Civil Procedure.

The record reflects that appellant LeMier was arrested August 13, 1970, for the possession of marihuana. On August 13, 1970, he was released on bond with Victor Apodaca, Jr., as surety. He failed to appear for arraignment on October 24, 1970, and a judgment nisi was entered on November 24, 1970, forfeiting the bond. An amended judgment nisi was entered on June 8, 1972, and a hearing was had on July 11, 1972, to determine the finality of the first amended judgment nisi. The final judgment was entered July 20, 1972.

Appellant Wortz was arrested on August 13, 1970, for the offense of possession of marihuana. He was released on bond on August 14, 1970, with Victor Apodaca, Jr., representing Surety Insurance Company of California, as surety. Wortz failed to appear for arraignment on October 9, 1970, and a judgment nisi was issued on November 24, 1970, forfeiting the bond. An amended judgment nisi was entered on June 8, 1972, and a hearing was had on July 11, 1972, to determine the finality of the first amended judgment nisi. The final judgment was entered on July 20, 1972, ordering a forfeiture.

Both appellants contend that there is a fatal variance between the bonds and the judgments nisi. Those things complained of in the judgments nisi were corrected in the first amended judgments nisi pursuant to Article 22.12, V.A.C.C.P., prior to the hearing and the entry of the final judgments. Since there is no variance between the bonds and the first amended judgments nisi, no error is shown. Article 22.12, V.A.C.C.P.; Holley v. State, 70 Tex.Cr.R. 511, 157 S.W. 937.

The remaining grounds of error are not briefed and do not comply with the requisites of Rule 469, Texas Rules of Civil Procedure.

No reversible error is shown. The judgments are affirmed.