**James J. HAYES et al., Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 45554.**

Court of Criminal Appeals of Texas.

June 13, 1973.

See also, 464 S.W.2d 832.

Boyd A. Knudtson, Amarillo, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This is an appeal by James J. Hayes, principal, and E. D. Meredith and William M. Densford, sureties, from a Judgment Nisi entered against them. The principal, James J. Hayes, was charged with the offense of theft of cattle. He was released after E. D. Meredith and William M. Densford executed an appearance bond on his behalf in the amount of $2,000.00 on April 25th, 1969. The defendant-principal was tried before a jury and found guilty on December 16, 1969, and his punishment was assessed at five years in the penitentiary. The record reveals that on that same day, December 16, 1969, the defendant indicated to the court that he wished to appeal and requested the court to set bond for the appeal, which was subsequently set by the court at $5,000.00. Again, this bond was executed on defendant's behalf by E. D. Meredith and William M. Densford, on December 18, 1969.

On January 27, 1970, the principal was ordered to appear on January 30th at 9 o'clock, 1970, for sentencing. The principal Hayes failed to appear at the prescribed time, and the court issued a Judgment Nisi, forfeiting the bond of James J. Hayes as principal, in the sum of *$5,000.00,* and in like manner, bond of the sureties. The court then announced that this judgment would be made final, unless good cause should be shown why the said defendant did not appear. Defendant did appear before the court on February 3, 1970, and sentence was pronounced. He again gave notice of appeal and posted another $5,000.00 appeal bond. On March 31, 1970, a hearing was held to determine the finality of the January 30, 1970, Judgment Nisi. The State of Texas appeared by her District Attorney, but though the record reveals that the defendants were duly cited, neither Hayes nor the sureties appeared and the Judgment Nisi previously rendered against them was made final.

On April 10, 1970, principal Hayes and the sureties, Densford and Meredith, filed a motion for a new trial, seeking to set aside the Judgment Nisi. The record reflects that no ruling by the court was made on this motion at any time.

A motion had been heard on the merits on January 6, 1972, on behalf of E. D. Meredith and William M. Densford, to set aside the March 31st, 1970 judgment. The court recognized the unusual nature of the case, but stated that it was without power to take any action at this point, since the time for appeal from the March 31, 1970, judgment had long since passed.

It is from this decision that appellants now seek relief, urging that we set aside the judgment of March 31, 1970. Five grounds of error are briefed by appellants, alleging that: (1) The trial court erred in finding the judgment of March 31, 1970, final for the reason that all parties to the suit were not served, and it thus did not dispose of all the parties and issues before the court. (2) The court erred in holding that the judgment of March 31, 1970, was a valid or final judgment for the reason that the court forfeited an appeal bond prior to the principal sentencing and notice of appeal. (3) The court erred in finding the judgment of March 31, 1970, valid and final in that the bond forfeited had never been approved by the court, contrary to the Texas Code of Criminal Procedure. (4) The court erred in finding the judgment of March 31, 1970, final for the reason that the citation served upon the appellants did not comply with Rule 101 of the Texas Rules of Civil Procedure. (5) The court erred in not granting appellants' temporary relief pending a hearing or until a final adjudication had been obtained.

Initially, we must confront the issue of whether or not we have the power to grant these appellants relief, assuming the validity of the alleged errors.

The State raises the argument that the March 31, 1970, Judgment Nisi was a final judgment, and that points of error raised by appellants could only have been raised by means of a direct attack on that March 31, 1970, judgment. As previously stated, the record reveals that on April 10, 1970, a motion for a new trial was made which sought to set aside the Judgment Nisi. No ruling was made by the court on this motion. Therefore, since we are bound by the Rules of Civil Procedure in this case, Art. 44.44, Vernon's Ann.C.C.P.; Reeves v. State, 465 S.W.2d 757 (Tex.Crim.App. 1971), at the end of 45 days from the date of the filing of this motion, the motion was overruled by operation of law. Tex. R.Civ.P. 329b(4). The record reveals that no further action was taken by appellants as to the March 31, 1970, judgment until, on February 4, 1972, a motion was filed to set aside that judgment. Thus, the State contends that the March 31, 1970, judgment had become final in all respects and appellate review is now precluded.

Apparently, appellants' strongest point of error alleged concerns the action of the trial judge in forfeiting the $5,000.00 instead of the $2,000.00 bond, upon defendant's initial failure to appear for sentencing. Appellants allege that this action caused the March 31, 1970, judgment to be void on its face. In their brief, appellants state, "The Court cannot forfeiture an appeal bond prior to sentencing and notice of appeal." However, appellants cite no authority on this point, nor was this Court able to locate a similar fact situation.

■ The point we stress, however, is that appellants had ample opportunity to raise such a defense *before* the Judgment Nisi became final. Appellants, though duly cited, did not appear at the March 31, 1970, hearing ordering the Judgment Nisi made final, and made no showing otherwise why the Judgment Nisi should not be made final. After the judgment became final, appellants' remedy was a direct appeal or review by writ of error, according to Art. 44.42 and Art. 44.43, Vernon's Ann. C.C.P., but no further action was taken by appellants after the motion for new trial was made.

■ At this point, the alleged errors, whether valid or not, have become moot questions. Nor may we consider this as a bill of review, since this requires a showing that the party seeking relief had a

meritorious defense and also that he did not lose the opportunity to present the defense through lack of diligence or by negligence on his part. Tex.R.Civ.P. 329b(5); Mackay v. Charles W. Sexton Company, 469 S.W.2d 441 (Tex.Civ.App.—Dallas 1971, no writ).

Considering the time lapse between the March 31, 1970 judgment and appellants' motion to set aside the judgment, filed January 4, 1972, we are unable to sustain appellants' contention. We are without jurisdiction to enter any order herein other than to dismiss the appeal. See Swanson v. State, 169 Tex.Cr.R. 390, 334 S.W.2d 179 (1960).

The appeal is dismissed.