Odell **WALKER** et al., Appellants,

v.

The **STATE** of Texas, Appellee.

No. 51853.

Court of Criminal Appeals of Texas.

May 26, 1976.

H. Thomas Hirsch, Odessa, for appellants.

James A. Mashburn, Dist. Atty., and Jack K. "Rusty" Wall, Asst. Dist. Atty., Midland, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This purported appeal presents a case of first impression—whether, given the circumstances of the instant case, this court has jurisdiction of an appeal from an order of the trial court holding that the sureties on an appearance or bail bond are insufficient.

The record reflects that the appellant Zarate was charged with possession of a usable amount of marihuana in an amount in excess of four ounces. On September 26, 1975, he executed an appearance bond in the amount of $40,000 with the appellants Odell and Thomas Walker as sureties, which bond was approved and accepted by Sheriff Ed Darnell of Midland County. Thereafter on October 29, 1975, an indictment was returned charging Zarate with the offense above described. On October 30, 1975, the State filed a motion asking for the arrest of the principal on the appearance bond—Zarate, and requesting a hearing to test the sufficiency of the sureties on the bond. The court set a hearing on said motion for November 25, 1975, but declined to order the arrest of Zarate. On the date set the court conducted a hearing, at the conclusion of which briefs were requested. On December 22, 1975, the court entered an order granting the State's motion regarding the insufficiency of the sureties and ordered the arrest of Zarate until a new $40,000 bond with proper sureties was made. A motion for new trial was filed on December 30, 1975. On January 2, 1976, Zarate turned himself in to the sheriff's office. On January 7, 1976, the State filed its answer to the motion for new trial, and on the same date the court "dismissed" the motion for new trial. On January 8, 1976, an amended motion for new trial was filed, but it does not appear that the court took any action thereon. On the same date Zarate executed another $40,000 bond with Riley and Elsie Jackson as sureties and is not now in custody. On January 11, 1976, the appellants gave notice of appeal to both the El Paso Court of Civil Appeals and the Court of Criminal Appeals.

It appears the action of the District Attorney in seeking and securing the order in question was based on the provisions of Articles 17.09, Sec. 3, and 23.11, Vernon's Ann.C.C.P. Said Article 17.09, Sec. 3, reads as follows:

"Provided that whenever, during the course of the action, the judge or magistrate in whose court such action is pending finds that the bond is defective, excessive or insufficient in amount, or that the sureties, if any, are not acceptable, or for any other good and sufficient cause, such judge or magistrate may, either in term-time or in vacation, order the accused to be rearrested, and require the accused to give another bond in such amount as the judge or magistrate may deem proper. When such bond is so given and approved, the defendant shall be released from custody. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

Article 23.11, supra, also provides in part:

". . . If it be made to appear by affidavit, made by any district attorney, county attorney, or the sheriff approving the bail bond, to a judge of the Court of Criminal Appeals, district or county court, that the bail taken in any case after indictment is insufficient in amount, or that the sureties are not good for the amount, or that the bond is for any reason defective or insufficient, such judge shall issue a warrant of arrest and require of the defendant sufficient bond, according to the nature of the case. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

The question raised is whether the Court of Criminal Appeals has jurisdiction to entertain an appeal from a pre-trial order entered regarding the insufficiency of the sureties on the original bond.

The jurisdiction of the Court of Criminal Appeals is provided for in Article V, Section 5, of the State Constitution as follows:

"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the state in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law.

"The Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and under such regulations as may be prescribed by law, issue such writs as may be necessary to enforce its own jurisdiction. The Court of Criminal Appeals shall have power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction. . . ."

█ Under such constitutional provision the Legislature has the power to make proper exceptions to the right of appeal in criminal cases and regulate appellate jurisdiction of the Court of Criminal Appeals, see *De Silva v. State*, 98 Tex.Cr.R. 499, 267 S.W. 271 (Tex.Cr.App.1924), and also to provide which writs the court may issue to enforce its own jurisdiction.

Article 4.03, Vernon's Ann.C.C.P., provides:

"The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed by the county court, the county criminal court or county court at law shall not exceed one hundred dollars."

Article 4.04, Vernon's Ann.C.C.P., provides:

"Sec. 1. In addition to the power and authority now vested in the Court of Criminal Appeals of the State of Texas, said court and each member thereof shall have, and is hereby given, power and authority to grant and issue and cause the issuance of writs of mandamus and certiorari agreeable to the principles of law regarding said writs, whenever, in the judgment of said court or any member thereof the same should be necessary to enforce the jurisdiction of said court.

"Sec. 2. The Court of Criminal Appeals of Texas, and each of the judges thereof, are hereby empowered to punish disobedience of any of the above-named writs and to hold in contempt any party found by said court to have wilfully disobeyed any of said writs so issued by said court or any of the members thereof."

It is clear from the above constitutional and statutory provisions that the Court of Criminal Appeals has appellate jurisdiction in all criminal cases in the State with the exception made by law in Article 4.03, supra, relating to cases originating in the Justice of the Peace and Municipal Courts and tried de novo in a County Court where the fine then assessed is $100.00 or less. *Bridges v. State*, 423 S.W.2d 931 (Tex.Cr. App.1968); *Leggio v. State*, 489 S.W.2d 622 (Tex.Cr.App.1973). See also Article 4.03, supra, note # 7, and cases there cited.

█ It is also clear from the constitutional provisions that the Court of Criminal Appeals and the Judges thereof have general authority to issue the writ of habeas corpus. Further, it may, as prescribed by law, issue such writs as may be necessary to enforce its own general jurisdiction. See Article 4.04, supra. See also *State ex rel. Smith v. Blackwell*, 500 S.W.2d 97 (Tex.Cr. App.1973); *Ex parte Giles*, 502 S.W.2d 774 (Tex.Cr.App.1973). The right of the court to issue writs, other than habeas corpus, is thus limited.

As stated in 15 Tex.Jur.2d, Courts, Sec. 23, p. 445:

". . . When a proceeding from which an appeal is attempted comes within none of the statutory or constitutional provisions conferring jurisdiction, the court will not exercise authority. . . ."

It is true that this court accepts appeals from forfeiture of bail. Chapter Forty-Four of the 1965 Code of Criminal Procedure deals with Appeal and Writ of Error. Article 44.42 contained in such Chapter provides:

"An appeal may be taken by the defendant from every final judgment rendered upon a personal bond, bail bond or bond taken for the prevention or suppression of offenses, where such judgment is

for twenty dollars or more, exclusive of costs, but not otherwise."

Article 44.43, Vernon's Ann.C.C.P., provides:

"The defendant may also have any such judgment as is mentioned in the preceding Article, and which may have been rendered in courts other than the justice and corporation courts, reviewed upon writ of error." See *Surety Insurance Company of California v. State*, 514 S.W.2d 454 (Tex.Cr.App.1974).

Article 44.44, Vernon's Ann.C.C.P., provides:

"In the cases provided for in the two preceding Articles, the proceeding shall be regulated by the same rules that govern civil actions where an appeal is taken or a writ of error sued out." See *Aguirre v. State*, 399 S.W.2d 804 (Tex.Cr.App. 1966); *Hayes v. State*, 495 S.W.2d 897 (Tex.Cr.App.1973).

It has been long held that the forfeiture of a bail bond is a criminal case and an appeal therefrom falls within the jurisdiction of the Court of Criminal Appeals. *Glenn v. State*, 155 Tex.Cr.R. 498, 236 S.W.2d 809 (1951); *Kubish v. State*, 128 Tex.Cr.R. 666, 84 S.W.2d 480 (1935); *Hodges v. State*, 73 Tex.Cr.R. 638, 165 S.W. 607 (1913); *Jeter v. State*, 86 Tex. 555, 26 S.W. 49 (1894). And it is noted in such bond forfeiture cases the State has been held not to have the right of appeal. 7 Tex.Jur.2d, Rev. Part 2, Bail and Recognizance, Sec. 86, p. 692.

■ It is observed, however, that jurisdiction of the Court of Criminal Appeals in bond forfeiture cases is restricted by statute to appeals or writs of error from a final judgment forfeiting the bail bond. *Swanson v. State*, 169 Tex.Cr.R. 390, 334 S.W.2d 179 (1960).

With this background we must determine if this court has jurisdiction of the instant case. First, it is clear that it is not a case involving a writ that this court by law may issue to protect its jurisdiction. Second, this case is not one involving the court's general authority to issue a writ of habeas corpus. Neither Zarate nor the other appellants are in custody or being illegally restrained. In fact, Zarate appears to have been released on a different bond. Third, this is clearly not an appeal from a conviction for a criminal offense, nor is it a final judgment in a bond forfeiture case over which this court has held it has jurisdiction.

■ It can be argued, of course, that the ruling complained of was incident to a criminal case, not yet tried, and the hearing was pursuant to certain provisions of the Code of Criminal Procedure and related to the question of bail. While true, we cannot agree that these factors alone give this court jurisdiction.

Article 47.02, Vernon's Ann.C.C.P., is part of the Code of Criminal Procedure. It provides in part that "[u]pon the trial of any criminal action for theft, or for any other illegal acquisition of property which is by law a penal offense, the court trying the case shall order the property to be restored to the person appearing by the proof to be the owner of the same." In *Bretz v. State*, 508 S.W.2d 97 (Tex.Cr.App.1974), the defendant was tried and acquitted of receiving and concealing stolen property. Following the trial, the trial court ordered the property in question be returned to the complaining witness rather than the defendant. The defendant attempted to appeal from such ruling. Although the matter was governed by the Code of Criminal Procedure and was incident to the criminal case, this court held it was without jurisdiction and the appeal was dismissed.

*Swanson v. State*, 169 Tex.Cr.R. 390, 334 S.W.2d 179 (1960), presented an interesting question. Swanson was the defendant in two criminal cases. When he failed to appear, judgments nisi were entered and subsequently the judgments were made final. There were no appeals. Some years later, the sureties brought suit against the sheriff, district attorney and district clerk of Dallas County to have the judgments declared null and void. From an adverse ruling in the trial court an appeal was pursued in the Court of Criminal Appeals where the court held that the suit was an injunction

suit which was a suit in equity or bill of review, not a criminal case over which the court had jurisdiction, it being noted the jurisdiction of this court in bond forfeiture cases is restricted by statutes to appeals and writs of error from final judgments in bond forfeiture cases.

It has long been established that if the matter sought to be appealed is civil rather than criminal the Court of Criminal Appeals will not accept jurisdiction. See and cf. *Millikin v. Jeffrey*, 108 Tex.Cr.R. 84, 299 S.W. 435 (1927); *Darnell v. State*, 24 Tex.App. 6, 5 S.W. 522 (1887).

In the instant case the appellant gave notice of appeal to the El Paso Court of Civil Appeals, as well as to this court, and in his argument before this court stated that the appellants Odell and Thomas Walker had been forced to arrange for sureties for the new bond made by Zarate[1] and were entitled to money damages.

"One seeking to invoke the jurisdiction of this Court must point to some constitutional or statutory provisions conferring such right and bring himself within the procedure prescribed. See *Ex parte Minor*, 115 Tex.Cr.R. 634, 27 S.W.2d 805. This the relator has not done." *Bradley v. Miller*, 458 S.W.2d 673 (Tex.Cr.App. 1970).

Thus, we conclude that this court does not have the authority to entertain this appeal. The appeal is dismissed.

1. There is nothing in the record to support this assertion.