Odell **WALKER** and Thomas Walker et al., Appellants,

v.

The **STATE** of Texas, Appellee.

No. 6541.

Court of Civil Appeals of Texas, El Paso.

Aug. 18, 1976.

Rehearing Denied Sept. 15, 1976.

Ater & Hirsch, H. Thomas Hirsch, Odessa, for appellants.

James A. Mashburn, Dist. Atty., Jack K. (Rusty) Wall, Asst. Dist. Atty., Midland, for appellee.

## OPINION

WARD, Justice.

This is an attempted appeal from an order entered after indictment in a criminal felony case which held that the sureties on the defendant's bond were insufficient and which ordered the arrest of the defendant. The appeal is dismissed.

Indictment was returned in the District Court of Midland County which charged Juan Zarate with a felony and was filed as Cause No. 5312 in that District Court. At that time, there was outstanding an appearance bond in the amount of $40,000.00 executed by Zarate with Odell and Thomas Walker as sureties. After the indictment had been returned, a hearing was held in that criminal case pursuant to the State's motion that the sureties on the appearance or bail bond should be held insufficient. The District Court thereafter entered its order in the criminal case, which held that the sureties were insufficient and further ordered the arrest of Zarate until a new $40,000.00 bond with proper sureties was made. On January 2nd, 1976, Zarate turned himself in to the Sheriff's office, and on January 8th, 1976, he executed a new bond for $40,000.00 with other sureties and was released from custody.

The Appellants Zarate and the two Walkers appealed to both the Court of Criminal Appeals and to this Court of Civil Appeals. The Court of Criminal Appeals has held it had no jurisdiction to entertain the appeal from the pretrial order entered regarding the insufficiency of the sureties on the original bond and dismissed that appeal. *Walker v. State,* 537 S.W.2d 36 (Tex.Crim.App. 1976).

Just how the present proceeding, which occurred in the course of a criminal case not yet tried, can be appealed to this Court is not explained by the Appellants. We find no statute or authority authorizing the appeal.

Further, there is no general authority for civil appeals except from final judgments of the District or County Courts. The special statutes for interlocutory appeals from non final judgments do not cover the present instance. Appellate Procedure in Texas, Section 2.2; 4 McDonald Texas Civil Practice, Section 17.03.2.

The argument concerning the mootness of this appeal because of the release of Zarate from custody under his new bond is not reached. We have no jurisdiction of the proceeding, and the appeal is dismissed.