**Jay J. ARMES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58902.**

Court of Criminal Appeals of Texas, Panel No. 3.

Oct. 18, 1978.

Rehearing En Banc Denied Nov. 22, 1978.

8

Marshall I. Yaker, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Paul J. Kubinski, Asst. Dist. Atty., El Paso, for the State.

Before DOUGLAS, ROBERTS and DAL-LY, JJ.

## OPINION

DALLY, Judge.

This is an attempt to appeal from an order of the 34th District Court of El Paso County ordering the appellant to go to California to appear before a Grand Jury in San Diego County, California, and an attempt to appeal from an order denying habeas corpus relief.

The district court held a hearing on May 31, 1978, pursuant to Art. 24.28, V.A.C.C.P., in which it determined on the basis of a certificate issued by the Superior Court of California, for San Diego County, and the testimony of appellant, that an order for summons should issue. Appellant was ordered to appear before the San Diego Grand Jury on June 14, 1978. Appellant filed notice of appeal to this Court from that order, and also applied for a writ of habeas corpus from the district court. After a hearing on June 9, the district court denied appellant relief, and appellant appealed to this Court. Appellant complains that the district court erred in its findings of fact and admission of evidence at the original hearing, and also erred in refusing to suspend its judgment pending appeal.

■■■ Without expressing any opinion on the merits of the appellant's contentions, we must first decide whether the trial court's order that the appellant appear before the Grand Jury in California can be appealed. The Court of Criminal Appeals shall have appellate jurisdiction coextensive with the limits of the State in all criminal cases of whatever grade, with such exceptions and under such regulations as may be prescribed by law. Art. V, Sec. 5 of the Texas Constitution. The Legislature can make such exceptions and regulations regarding appeal as it desires. *Walker v. State*, 537 S.W.2d 36 (Tex.Cr.App.1976); *Savage v. State*, 155 Tex.Cr.R. 576, 237 S.W.2d 315 (1951); *Millican v. State*, 145 Tex.Cr.R. 195, 167 S.W.2d 188 (1943); *Ex parte Minor*, 115 Tex.Cr.R. 634, 27 S.W.2d 805 (1930). The Legislature has provided for the general right of appeal from convictions in Art. 44.02, V.A.C.C.P., which states that "A defendant in any criminal action has the right of appeal . . ." Appellant argues that his cause "must surely be noted and classified as a criminal action, which is subject to appeal pursuant to Art. 44.02, V.A.C.C.P." But as the State correctly points out, Art. 44.02, supra, speaks to the rights of a "defendant" in a "criminal action." Appellant has not been charged with or convicted of a criminal offense, and therefore is not a defendant. Moreover, neither the fact that the district court order was incident to a criminal case,

nor that appellant's conduct violated a provision of the Code of Criminal Procedure assures that this Court has jurisdiction to hear an appeal of the matter. *Walker v. State*, supra; *Bretz v. State*, 508 S.W.2d 97 (Tex.Cr.App.1974); *Swanson v. State*, 169 Tex.Cr.R. 390, 334 S.W.2d 179 (1960). Art. 24.28, supra, by its terms does not provide for a right of appeal from the district court's order; we find no statutory authority which would support an appeal from such an order. As we stated in *Bradley v. Miller*, 458 S.W.2d 673 (Tex.Cr.App.1970):

> "One seeking to invoke the jurisdiction of this Court must point to some constitutional or statutory provisions conferring such right and bring himself within the procedure prescribed. See *Ex parte Minor*, 115 Tex.Cr.R. 634, 27 S.W.2d 805. This the relator had not done."

We hold that the district court's order under Art. 24.28 is not appealable to this Court. The validity of the court order may be determined by a habeas corpus proceeding in proper circumstances.

■ Turning to the appeal of the district court's denial of habeas corpus relief, we note that the appeal is properly before this Court only if appellant is under some form of restraint of liberty. Art. 11.01, V.A.C.C.P.; *Ex parte King*, 156 Tex.Cr.R. 231, 240 S.W.2d 777 (1951). Appellant admits, and the record reflects that he is under no such restraint. He is not imprisoned, or on bail, nor has he been held in contempt of court for failing to comply with the court's order. Thus, the habeas corpus question is moot. *Ex parte Putnam*, 456 S.W.2d 916 (Tex.Cr.App.1970); *Ex parte Brown*, 374 S.W.2d 895 (Tex.Cr.App. 1964); *Ex parte Campbell*, 251 S.W.2d 540 (Tex.Cr.App.1952).

There being no right of appeal of the district court order issued pursuant to Art. 24.28, and the habeas corpus question being moot, this consolidated appeal is dismissed. It is so ordered.