

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-0756-23

---

### THE STATE OF TEXAS

### v.

### WHITNEY S. VILLA, Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

---

KELLER, P.J., delivered the opinion of the Court, in which HERVEY, RICHARDSON, YEARY, KEEL, SLAUGHTER and MCCLURE, JJ., joined. NEWELL, J., concurred. WALKER, J., dissented.

## O P I N I O N

Municipal courts in Texas have jurisdiction over all criminal matters arising under municipal ordinances and Class C misdemeanors. There are two types of municipal courts: ordinary municipal courts and municipal courts of record ("MCORs"). Chapter 30 of the Texas Government Code governs the structure and operation of MCORs. Appeals from MCORs are to intermediate appellate courts—namely, county courts, county criminal courts of appeal, or municipal courts of appeal. The question before us is whether the State can appeal an adverse judgment in an intermediate appellate

court to the court of appeals. The court of appeals below dismissed the State's appeal for want of jurisdiction. We disagree and hold that the court of appeals had jurisdiction over the State's appeal. Consequently, we reverse the judgment of the court of appeals and remand the case to that court to address the merits of the State's appeal in the first instance.

## I. BACKGROUND

### A. Procedural History

Appellee was cited on a charge of Class C assault stemming from an incident at a youth football game in Mesquite. She pleaded not guilty and was convicted by a jury in the Municipal Court of the City of Mesquite, an MCOR. The jury imposed a fine of $331.00. Appellee filed a *pro se* motion for new trial, complaining about jury charge error, which the municipal court denied.

Appellee then filed a notice of appeal, arguing that the municipal court erred in not giving her a self-defense instruction. The County Court of Criminal Appeals No. 1 for Dallas County agreed and reversed the judgment of the municipal court, remanding the case for a new trial.

The State then filed a notice of appeal, seeking review in the Dallas Court of Appeals. After briefing on the merits and oral argument, the court of appeals *sua sponte* issued an order for the State to file a letter brief addressing "why the case should not be dismissed" on jurisdictional grounds. Both parties filed additional briefing, after which the court of appeals dismissed the appeal for want of jurisdiction.[1] We granted review.[2]

---

[1] *State v. Villa*, 673 S.W.3d 43, 50 (Tex. App.—Dallas 2023).

[2] The State's question asks:

Did the court of appeals err by determining that Texas Government Code § 30.00027 deprived the intermediate appellate court of jurisdiction to hear the State's appeal from an adverse decision made by a county-level court reviewing a judgment from

## B. Court of Appeals

The majority opinion in the court of appeals adopted the reasoning of the Fort Worth Court of Appeals's decision in *State v. Pugh*.[3]  The court of appeals focused on how "Section 30.00027 does not expressly refer to Article 44.01" and said "[h]ad the legislature intended to give the State the right to appeal to the courts of appeal under Article 44.01," it could have used the same language as in Section 30.00014.[4]  The court also stated that when "the designation of 'defendant' was replaced with 'appellant,' . . . the legislature broadened Section 30.00027(a) to include the State."[5]  Necessarily, the court concluded, this meant that an appeal by the State to the court of appeals must fit in one of the two categories in Section 30.00027(a) in order for the court of appeals to have jurisdiction over the State's appeal.[6]  Lastly, the court of appeals stated that if Article 44.01 was incorporated by reference in Section 30.00027(b), so too must Article 44.02, governing appeals by defendants, thereby rendering Section 30.00027(a) "meaningless."[7]  Because the State's appeal did not fit into one of the two categories in Section 30.00027(a), the court of appeals dismissed the appeal for want of jurisdiction.[8]

---

a municipal court of record?

[3]  *Villa*, 673 S.W.3d at 48 (citing No. 02-12-00108-CR, 2022 WL 1793518 (Tex. App.—Fort Worth June 2, 2022, no pet.) (mem. op., not designated for publication)).

[4]  *Id.*

[5]  *Id.* at 49.

[6]  *See id.* ("the State falls under Section 30.00027(a) . . . and Article 44.01 is not implicated.").

[7]  *Id.* at 50.

[8]  *Id.*

Justice Bonnie Goldstein dissented. In her view, the majority opinion "eviscerate[d] the State's right to appeal, . . . thus making the [county appellate court], with respect to municipal courts of record, the court of last resort."[9] This, in the dissent's view, was an absurd result created from the majority's overly narrow reading of the statute.[10] The dissent also said that the State would never appeal under Section 30.00027(a) because doing so would either require the State to appeal a judgment of conviction affirmed by the intermediate appellate court or challenge the constitutionality of the very statute upon which the State was charging a defendant.[11] And finally, the dissent argued that the majority's opinion rendered Section 30.00026, which states the effect of an intermediate appellate court's reversal of a conviction, ineffective.[12] In the dissent's view, because Section 30.00026 says that the reversal of a conviction is, in effect, a grant of a new trial, the State can appeal that decision under Article 44.01.[13]

## II. APPLICABLE LAW

### A. Statutory Construction

In construing a statute, we look to the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have

---

[9] *Id.* at 53 (Goldstein, J., dissenting).

[10] *See id.*

[11] *Id.* at 53–54.

[12] *Id.* at 55.

[13] *Id.*

intended.[14] In conducting a plain meaning inquiry, we read words and phrases in context and construe them according to the rules of grammar and common usage.[15] Under the normal rules of statutory construction, there is a presumption of statutory consistency. "A word or phrase that is used within a single statute generally bears the same meaning throughout that statute."[16] As the United States Supreme Court has stated, "the normal rule of statutory construction" is that "identical words used in different parts of the same act are intended to have the same meaning."[17] We must "presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible."[18]

### B. Chapter 30 of the Government Code

A municipal court of record has exclusive jurisdiction over all criminal matters arising under municipal ordinances and Class C misdemeanors.[19] Chapter 30 of the Government Code sets forth the structure and operation of MCORs. Section 30.00014 provides, "A defendant has the right of appeal from a judgment or conviction in a municipal court of record. The state has the right to appeal as provided by Article 44.01, Code of Criminal Procedure."[20] The appeal is to an intermediate

---

[14] *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *see also Lang v. State*, 561 S.W.3d 174, 180 (Tex. Crim. App. 2018).

[15] *Lang*, 561 S.W.3d at 180.

[16] *Ex parte Keller*, 173 S.W.3d 492, 498 (Tex. Crim. App. 2005).

[17] *Id.* (quoting *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570 (1995)).

[18] *Yazdchi v. State*, 428 S.W.3d 831, 837 (Tex. Crim. App. 2014) (quoting *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011)).

[19] TEX. CODE CRIM. PROC. arts. 4.01(10), 4.14; TEX. GOV'T CODE § 30.00005.

[20] TEX. GOV'T CODE § 30.00014(a).

"appellate court."[21] The intermediate appellate courts are defined as "(A) the county criminal court, the county criminal court of appeals, or the municipal court of appeals; or (B) the county court at law if there is no county criminal court, county criminal court of appeals, or municipal court of appeals."[22] Each appeal is determined "on the basis of the errors that are set forth in the appellant's motion for new trial and that are presented in the clerk's record and the reporter's record prepared from the proceedings leading to the conviction or appeal."[23] Briefs filed in the intermediate appellate court must follow specific timing provisions,[24] and the trial court can allow the "appellant . . . to withdraw the notice of appeal and be granted a new trial" from the briefs of the parties anytime before the record is filed with the intermediate appellate court.[25] "[T]he Code of Criminal Procedure and the Texas Rules of Appellate Procedure govern the trial of cases" in MCORs.[26] On appeal, the intermediate appellate court can (1) affirm the judgment of the MCOR; (2) reverse and remand for a new trial; (3) reverse and dismiss the case; or (4) reform and correct the judgment.[27] "If the appellate court awards a new trial to the appellant, the case stands as if a new trial had been granted by the municipal court of record."[28]

---

[21] *Id.*

[22] *Id.* § 30.00002(1)(A), (B).

[23] *Id.* § 30.00014(b).

[24] *Id.* § 30.00021.

[25] *Id.* § 30.00022.

[26] *Id.* § 30.00023.

[27] *Id.* § 30.00024.

[28] *Id.* § 30.00026.

Section 30.00027 controls appeals from the intermediate appellate court to the court of appeals. Section 30.00027 provides:

(a) The appellant has the right to appeal to the court of appeals if:

(1) the fine assessed against the defendant exceeds $100 and the judgment is affirmed by the appellate court; or

(2) the sole issue is the constitutionality of the statute or ordinance on which a conviction is based.

(b) The provisions of the Code of Criminal Procedure relating to direct appeals from a county or a district court to the court of appeals apply to the appeal, except that:

(1) the record and briefs on appeal in the appellate court constitute the record and briefs on appeal to the court of appeals unless the rules of the court of criminal appeals provide otherwise; and

(2) the record and briefs shall be filed directly with the court of appeals.[29]

### C. Statutory History

To the extent the statute may be perceived as ambiguous, we recite the statutory history. The earliest version of Section 30.00027 was codified as Section 30.505 of the Government Code, promulgated in 1987.[30] That version of the statute stated: "The Defendant has the right to appeal to the court of appeals if the fine assessed against the defendant exceeds $100 and if the judgment is affirmed by the appellate court."[31] Notably, Section 30.505 used the term "defendant" when discussing the right to appeal and did not include text analogous to the current version of Section 30.00027(a)(2), relating to appeals concerning the constitutionality of statutes. In 1997, Section

---

[29] *Id.* § 30.00027.

[30] Act of May 23, 1987, 70th Leg., R.S., ch. 811, § 1, 1987 Tex. Gen. Laws, 2809, 2814.

[31] *Id.*

30.505 was renumbered, without changes, to Section 30.00025.[32]

The first substantive change to the statute was enacted in 1999. Faced with "disparities between municipal courts of record and general municipal courts regarding appeals and qualifications of judges," this change was part of a larger reform to standardize the operation, jurisdiction, and appellate procedures of MCORs.[33] First, Section 30.00025 was renumbered to Section 30.00027. Second, in connection with the recitation of the right to appeal, the designation of "defendant" was replaced with "appellant."[34] "Defendant" was also replaced with "appellant" in several other places in Section 30.[35]

The final change to Section 30.00027 was enacted in 2011.[36] Prior to 2011, defendants in MCORs could not challenge on appeal the constitutionality of the statute upon which their conviction was based, unlike similarly situated defendants in ordinary municipal courts. The Legislature added subsection (a)(2) to Section 30.00027 in order to allow those appeals.

### D. Right to Appeal

The State's right to appeal is statutory and is limited to the provisions set out in Article 44.01

---

[32] Act of May 8, 1997, 75th Leg., R.S., ch. 165, § 8.02, 1997 Tex. Gen. Laws, 327, 389.

[33] House Comm. on Judicial Affairs, Bill Analysis, Tex. H.B. 731, 76th Leg., R.S. (1999).

[34] Act of May 27, 1999, 76th Leg., R.S., ch. 691, § 1, 1999 Tex. Gen. Laws, 3263, 3270.

[35] *See, e.g.*, TEX. GOV'T CODE § 30.00014(b) (Vernon's 1999) (an appeal shall be determined by the intermediate appellate court from sources that include the "*appellant's* motion for new trial"); TEX. GOV'T CODE § 30.00021(a) ("an *appellant's* brief on appeal . . . must present points of error"); TEX. GOV'T CODE § 30.00026 ("if the appellate court awards a new trial to the *appellant*, the case stands as if a new trial had been granted by the municipal court of record").

[36] Act of May 23, 2011, 82nd Leg., R.S., ch. 1324, § 4, 2011 Tex. Gen. Laws 3836, 3839.

of the Code of Criminal Procedure.[37] Among those provisions, the State "is entitled to appeal an order of a court in a criminal case if the order: . . . (3) grants a new trial."[38] Article 44.02 provides for a defendant's right to appeal.[39] Article 44.02 provides:

> A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.[40]

### III. ANALYSIS

### a. Who is the "Appellant" in Section 30.00027(a)?

Section 30.00027 provides a right of appeal to the court of appeals to the "appellant" if the appeal meets one of two jurisdictional requirements.[41] The parties disagree on how to define "appellant" as used in Section 30.00027 and more broadly in Section 30. The State argues that the word "appellant" is inconsistently used in Section 30 and carries, in various places, conflicting meanings. Appellee argues that the definition of "appellant" is clear and refers to the "currently appealing party," that is, the party that lost in the intermediate appellate court that is appealing to the

---

[37] *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 913 (Tex. Crim. App. 2011) (citing TEX. CODE CRIM. PROC. art. 44.01(a)(3)).

[38] TEX. CODE CRIM. PROC. art. 44.01(a)(3).

[39] *Id.* art. 44.02.

[40] *Id.*

[41] TEX. GOV'T CODE § 30.00027(a).

court of appeals. Appellee says "appellant" could refer to either the State or the defendant, depending on the intermediate appellate court's judgment.

We disagree with Appellee's definition. Applying the Rules of Appellate Procedure that "govern the trial of cases" before MCORs,[42] we note that the use of the words "appellant" and "appellee" are designated for defendants, not the State.[43] While the rules of appellate procedure define the "appellant" as "a party making an appeal to an appellate court," and the "appellee" as "a party adverse to an appellant,"[44] the State is never labeled the "appellant" in an appeal, even when the State is the party bringing the appeal. The current version of Rule 3.2 of the Rules of Appellate Procedure became effective on September 1, 1997. Rule 30.00027 was amended to replace "defendant" with "appellant" two years later by the Legislature in 1999. It follows that the Legislature created that amendment with the proper use of the "appellant" as stated in Rule of Appellate Procedure 3.2. Plainly, as used in Section 30, "appellant" must refer to a defendant convicted in an MCOR who is now appealing. In the context of Section 30.00027, "appellant" thus means a defendant who is now appealing to the court of appeals if he meets one of the two jurisdictional requirements in Section 30.00027(a).

Appellee's definition of "appellant" also leads to absurd results. If the Legislature intended to limit the State's ability to appeal in the way Appellee envisioned—that is, by making the State the "appellant" in Section 30.00027(a)—that would require the State to appeal in situations in which it

---

[42] TEX. GOV'T CODE § 30.00023.

[43] TEX. R. APP. P. 3.2 ("In documents filed in criminal appeals, the parties are the State and the appellant. But if the State has appealed under Article 44.01 of the Code of Criminal Procedure, the defendant is the appellee.").

[44] TEX. R. APP. P. 3.1(a), (c).

would never do so. In order to appeal to the court of appeals, the State would have to appeal a conviction where "the judgment is affirmed by the appellate court," in other words, appeal its own win. In that instance, the State would be required to act contrary to its own interests in order for the State's appeal to reach the court of appeals. That is an absurd result.

Appellee contends that the State retains a right to appeal as the "appellant" under Section 30.00027(a)(2), where the sole issue is the constitutionality of the statute or ordinance on which a conviction is based.[45] Assuming for the sake of the argument that there is ambiguity in the use of the word "appellant," we turn to the legislative history of the 2011 amendment to Section 30.00027. The Bill Analysis for the 2011 amendment emphasizes that "individuals in municipal courts of record, who are fined $100 or less, cannot challenge the constitutionality of the statute upon which their conviction is based, while individuals in non-record municipal courts, who are fined $100 or less, can challenge the constitutionality of the statute upon which their conviction is based."[46] The Bill Analysis also states that the amendment "would create consistency between the two types of municipal courts by giving defendants in [an MCOR . . .] the right to make an appeal to a state court of appeals if the issue to be appealed is a challenge to the constitutionality of the statute on which the defendant's conviction is based."[47] Nowhere in the legislative history in the 2011 amendment is the State mentioned in the context of a Section 30.00027(a)(2) appeal. Plainly, even in the context of Section 30.00027(a)(2), "appellant" refers to a defendant who is appealing.

---

[45] TEX. GOV'T CODE § 30.00027(a)(2).

[46] Senate Comm. on Juris., Bill Analysis, Tex. S.B. 480, 82nd Leg., R.S. (2011).

[47] *Id.* (ellipsis inserted).

This definition of "appellant" is also consistent with other uses of "appellant" in Section 30.[48]

Section 30.00014(c) provides that "[t]o perfect an appeal, the appellant must file a written motion

for new trial."[49] It is well established that neither the trial court nor the State may move for a new

trial; that right is reserved solely for the defendant.[50] Applying Appellee's definition, if the State was

the "appellant" in Section 30.00014(c)—that is, the "currently appealing party"—then the State

would be required to do something that it cannot in order to perfect an appeal from an MCOR to an

intermediate appellate court. Similarly, Section 30.00014(d) provides that "the appellant must also

give notice of the appeal," and that the appellant must give notice either "orally in open court" after

a hearing on a motion for new trial, or when there is no hearing, he "must file the notice with the

court not later than the 10th day after the date on which the motion is overruled."[51] Again, applying

Appellee's definition, if the State is the "appellant" in Section 30.00014(d)—that is, the "currently

appealing party"—then the State could never give proper notice of its appeal because the State would

neither be permitted a hearing on a motion it could not file nor would the 10-day clock ever start.

Or consider Section 30.00022, which provides that a trial court "shall decide from the briefs of the

parties whether the appellant should be permitted to withdraw the notice of appeal and be granted

a new trial by the court."[52] This statute is meaningless if we apply Appellee's definition of

---

[48] We give the same meaning to a word used within a single statute throughout that statute. *See Keller*, 173 S.W.3d at 498.

[49] TEX. GOV'T CODE § 30.00014(c).

[50] *Ex parte Ybarra*, 629 S.W.2d 943, 945 (Tex. Crim. App. 1982).

[51] TEX. GOV'T CODE § 30.00014(d).

[52] *Id.* § 30.00022.

"appellant" because the trial court is never able to grant the State a new trial—only a defendant is afforded that right on consideration of a motion for new trial. To give proper meaning and effect to the word "appellant" as used throughout Section 30, "appellant" must mean a defendant who is convicted in an MCOR and who is currently appealing.

### B. The State's Right to Appeal

Since we conclude that "appellant" in Section 30.00027(a) refers to a defendant convicted in an MCOR who is appealing, that provision cannot give the State the right to appeal to the court of appeals. The State's right to appeal in Section 30.00027 is found in subsection (b). Section 30.00027(b) provides that the "provisions of the Code of Criminal Procedure relating to direct appeals from a county or a district court to the court of appeals apply" to a Section 30.00027 appeal, with two exceptions relating to the appellate record and briefs.[53] Article 44.01 of the Code of Criminal Procedure is one of the "provisions of the Code of Criminal Procedure relating to direct appeals" that applies to an appeal from an intermediate appellate court to the court of appeals. Under Article 44.01, the State can appeal an order that "grants a new trial."[54] Government Code Section 30.00026 provides that "[i]f the appellate court awards a new trial to the appellant, the case stands as if a new trial had been granted by the municipal court of record."[55] So an intermediate appellate court that reverses a judgment of conviction in an MCOR and grants a new trial issues a judgment that can be appealed by the State under Article 44.01(a)(3).

This is precisely what occurred here. By reversing the MCOR and remanding for a new trial,

---

[53] TEX. GOV'T CODE § 30.00027(b).

[54] TEX. CODE CRIM. PROC. art. 44.01(a)(3).

[55] TEX. GOV'T CODE § 30.00026.

the county court of criminal appeals below awarded Appellee a new trial and the case stood as though the new trial had been granted by the MCOR. This was an order that the State, under Article 44.01(a)(3), could appeal to the court of appeals.

Appellee contends that Section 30.00026 does not speak to appeals and, assuming it does, Section 30.00026 "permits, at most, the State to appeal a county-level appellate court's decision to itself."[56] But that is the absurd result that is created when one reads Section 30.00026 too narrowly. As the dissent below correctly discerned, if an MCOR grants a new trial, the State can appeal that order under Section 30.00014 by reference to Article 44.01.[57] To have any purpose, Section 30.00026 necessarily must operate one level higher, as though to give the State the right to appeal orders by intermediate appellate courts granting new trials to defendants. Any other interpretation of Section 30.00026 renders it wholly ineffective and without purpose.

Appellee also argues that Article 44.01 cannot be incorporated into Section 30.00027(b) by reference because doing so would require incorporating Article 44.02, which provides for a defendant's general right to appeal, thereby rendering Section 30.00027(a) meaningless. But this argument fails in light of the plain text of Article 44.02 and what this Court has already said about a defendant's right to appeal. It is well settled that a defendant's right to appeal is a statutory right.[58] "In the exercise of its powers, the legislature may impose proper restrictions on the right of appeal, prescribe regulations in regard to appellate jurisdiction, and promulgate rules to be observed in

---

[56] Appellee's Br. at 10.

[57] TEX. GOV'T CODE § 30.00014.

[58] *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002).

prosecuting an appeal."[59] It follows that Section 30.00027(a) is one of those "restrictions" to the general principles articulated in Article 44.02. The Legislature knew that, without proper restrictions, the court of appeals could be flooded with appeals from intermediate appellate courts. In response, the Legislature required defendants to meet one of two jurisdictional requirements in order to appeal to the courts of appeal. This is similar to the curtailing of appellate jurisdiction that the Legislature created in the context of appellate procedures out of ordinary municipal courts.[60] And there is also no conflict between Article 44.17, which deals with defendants' appeals from ordinary municipal courts and MCORs, and Section 30.00027(a): Article 44.17 governs the initial appeal while Section 30.00027(a) governs the secondary appeal. Incorporating Article 44.02 by reference in Section 30.00027(b) does not render Section 30.00027(a) meaningless. Rather, the two provisions work in tandem. A defendant retains his general "right to appeal" under Article 44.02, subject to limitations in Section 30.00027(a) created by the Legislature's inherent statutory authority.

## IV. CONCLUSION

We conclude that the State had the right to appeal, under Article 44.01(a)(3) of the Code of Criminal Procedure, the intermediate appellate court's order granting Appellee a new trial. The court of appeals had jurisdiction over the State's appeal and erred in dismissing the appeal for want of jurisdiction. Consequently, we reverse the judgment of the court of appeals and remand the case to

---

[59] 21 Tex. Jur. 3d Criminal Law: Rights of the Accused § 183 (citing *De Silva v. State*, 98 Tex. Crim. 499, 267 S.W. 271 (1924), and *Gossett v. State*, 162 Tex. Crim. 52, 282 S.W.2d 59 (1955)).

[60] *See Walker v. State*, 537 S.W.2d 36, 38 (Tex. Crim. App. 1976) ("It is clear . . . that the Court of Criminal Appeals has appellate jurisdiction in all criminal cases in the State with the exception made by law in Article 4.03, . . . relating to cases originating in the Justice of the Peace and Municipal Courts and tried de novo in a County Court where the fine then assessed is $100.00 or less.") (ellipses inserted).

that court to address the merits of the State's appeal in the first instance.

Filed: November 13, 2024
Publish