Ex parte Garrin Wardner
**KELLER, Applicant.**

### No. AP–75133.

Court of Criminal Appeals of Texas.

Oct. 5, 2005.

---

92. *Brooks v. State*, 990 S.W.2d 278, 288 (Tex. Crim.App.1999); *Raby v. State*, 970 S.W.2d 1, 6–7 (Tex.Crim.App.1998).

Garrin Wardner Keller, pro se.

Doug Arnold, Asst. D.A., Georgetown, TX, Matthew Paul, State's Atty., Austin, TX, for State.

## OPINION

COCHRAN, J., delivered the opinion of the Court in which PRICE, JOHNSON, KEASLER, HERVEY, and HOLCOMB, JJ., joined.

In this habeas corpus case we must determine whether a subsequent conviction for indecency with a child makes applicant ineligible for street-time credit for his earlier burglary offense under Texas Government Code § 508.283(c). We hold that it does not. Applicant is eligible for street-time credit for the time he spent on mandatory supervision. Therefore, we grant relief.

### I.

Applicant is currently serving a nine-year sentence for the third degree felony offense of burglary of a vehicle, an offense that he committed on October 30, 1992.[1] In 1997, while on parole for this burglary offense, applicant pleaded guilty to the second degree felony offense of indecency with a child by contact, a crime which he had committed on June 7, 1993, some four years earlier. He was sentenced to two years imprisonment on this later offense and had credit for time served beginning on October 31, 1994. Thus, applicant had fully discharged the indecency sentence by October 30, 1996, even though he was not actually convicted of that offense until 1997.

In his writ, applicant complains that he should have received street-time credit, under Texas Government Code § 508.283, for all time spent on parole or mandatory release.[2] The trial court, however, con-

---

1. Applicant was originally placed on deferred adjudication for four years, but, in November 1993, he was adjudicated and placed on ten years straight probation. In 1994, that probation was revoked, and he was sentenced to nine years in prison.

2. Applicant had previously filed several time-credit disputes with the Time Credit Resolution Office of the Texas Department of Criminal Justice. The last one filed was pending when he filed his writ. Applicant was, at that time, within 180 days of his presumptive

cluded that "[a]pplicant is described in Section 508.149(a) of the Government Code, due to his prior conviction for the offense of indecency with a child by contact. Therefore, applicant is not entitled to credit for the time he spent on parole under Section 501.0081 of the Government Code."

## II.

We have previously held that the purpose of Section 508.283(c), which applies to any parole or mandatory supervision revocation occurring after September 1, 2001, is that "certain parole violators will receive street-time credit if the 'remaining portion' of their sentence is less than the amount of time they have spent out on parole."[3] That is, if the "remaining portion" of an inmate's sentence is greater than the time spent on parole or mandatory supervision, he may not receive credit for that "street time." On the other hand,

if the "remaining portion" of his sentence is less than the time spent on parole or mandatory supervision, that inmate will receive credit for all of his "street time."[4]

However, not all inmates are eligible for street-time credit. Under Section 508.283(c), only an inmate "other than a person described by Section 508.149(a)" qualifies. Section 508.149(a) sets out a list of specific offenses for which an inmate is ineligible for release on mandatory supervision.[5] This list includes the offense of indecency with a child.[6] Under Section 508.149(a), an inmate is ineligible for mandatory supervision if he is "serving a sentence for or has been previously convicted of" one of these offenses.[7]

## III.

At issue in this case is whether applicant is entitled to credit for any "street time" on mandatory release for

---

mandatory supervision release date. Therefore, the trial court concluded that applicant was excused from the administrative exhaustion requirement. TEX GOV'T CODE § 508.0081 ("Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision . . .").

3. *Ex parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim.App.2004). As noted in *Spann*, the wording of Section 508.283(c) is opaque and subject to different interpretations. *Compare id.* at 393, *with id.* at 398–99 (Keller, P.J., dissenting) (noting that "[s]tanding alone, the wording concerning the third class of offenders [listed in § 508.283(c)] is confusing"). The statute reads as follows:

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than

the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

TEX. GOV'T CODE § 508.283(c).

4. *Ex parte Spann*, 132 S.W.3d at 393.

5. *Ex parte Byrd*, 162 S.W.3d 250, 252 (Tex. Crim.App.2005).

6. TEX. GOV'T CODE § 508.149(a)(5)("a second degree felony or a third degree felony under Section 21.11, Penal Code").

7. *Id.*

which his revocation occurred after September 1, 2001.[8] According to the Texas Department of Criminal Justice (TDCJ), applicant was last released on mandatory supervision on October 30, 2001. At that time, applicant had a scheduled discharge date of October 5, 2004. Thus, he had 2 years, 11 months and 5 days remaining on his burglary sentence. Applicant was returned to custody on November 12, 2003, and revoked on May 24, 2004. He was out of custody for 2 years and 12 days. But TDCJ refused to give applicant credit for this "street time" based on what it called his "previous" conviction for indecency with a child. According to TDCJ's calculations, applicant had a scheduled mandatory release date of March 20, 2005, and a discharge date of October 17, 2006.

As noted above, Section 508.283 would grant applicant "street time" credit if, at the time the parole revocation warrant issued, he had spent more time on release than he had left to serve *and* he is not a person "described by § 508.149(a)." Because applicant spent more time on mandatory supervision (2 years and 12 days) than he had left to serve (less than a year), the only question is whether he is a person described by Section 508.149(a): is he an inmate ineligible for mandatory supervision?

 "Eligibility for mandatory supervision is governed by the law in effect at the time the offense was committed."[9] When applicant committed his "holding offense," the 1992 burglary of a vehicle, he was eligible for release to mandatory supervision.[10] Once eligible he remains eligible regardless of whether the applicable mandatory supervision law has changed in the meantime.[11] This is why he was re-

---

8. Applicant claims that he is entitled to street-time credit for several pre–2001 time periods, but Section 508.283 does not apply to an inmate's "street time" for which the inmate's parole was revoked before September 1, 2001. *See Ex parte Spann,* 132 S.W.3d at 394 & n. 7. In *Spann,* we stated that "[p]rior to 2001, section 508.283 prescribed that *any* parole violator forfeited the benefit of street-time credit." *Id.* at 394. (emphasis in original). We then noted,

> Before the 2001 amendments, section 508.283(c) merely stated: "If a person's parole ... [or] mandatory supervision ... is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. The remaining portion is computed without credit for the time from the [RELEASE date] to the [REVOCATION date]." See Act of July 1, 1999, 76th Leg., R.S., 1999 Tex. Gen. Laws 62.

*Id.* n. 7.

9. *Ex parte Byrd,* 162 S.W.3d at 252.

10. Tex.Code Crim. Proc. Art. 42.18, § 8(c) (Repealed by Acts 1997, 75th Leg., ch. 165, § 12.22, eff. Sept. 1, 1997).

11. *See Ex parte Mabry,* 137 S.W.3d 58, 59–60 (Tex.Crim.App.2004). In *Mabry,* this Court stated,

> The amendments contained in Chapter 263 of the Session Laws for the 74th Legislature (1995), which became effective September 1, 1996, contained a saving clause.
> Section 3(a) The change in law made by this Act applies only to a prisoner serving a sentence for an offense committed on or after the effective date of this Act. For purposes of this section, an offense is committed before the effective date of this Act if any element of the offense occurs before the effective date.
> Section 3(b) A prisoner serving a sentence for an offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for that purpose.
> Session Laws, 74th Legislature, Regular Session, Chapter 263, §§ 3 and 4 (1995).
> These clauses reflect a clear intention by the Legislature to apply the old law to prisoners serving a sentence for an offense committed prior to the September 1, 1996, effective date. Thus, the law prior to those revisions applies to applicant, whose offense was committed in 1990.

leased on mandatory supervision in 2001 even though he had, by then, been convicted of indecency with a child, an offense for which he would be ineligible for release on mandatory supervision. Because the laws applying to applicant in 1992, when he committed the burglary of a vehicle offense, permitted his release to mandatory supervision, he is not a person described by § 508.149(a).[12]

Furthermore, the indecency-with-a-child conviction is not a *previous* conviction which could affect applicant's eligibility for release on mandatory supervision for the

earlier burglary offense, it is a *later* or *subsequent* conviction. Under the plain language of § 508.149(a), a previous conviction is one obtained *before* the holding conviction, not *after* the holding conviction. Only if the indecency conviction were the holding offense (or if the holding offense were one committed after the 1997 indecency conviction) would applicant be a person "described by § 508.149(a)." [13]

TDCJ's position [14] is that inmates in applicant's position are not eligible for street-credit time under Section 508.283(c):

*Id.*

**12.** *See Ex parte Ervin,* —— S.W.3d ——, ——, 2005 WL 767846, *2, 2005 Tex.Crim.App. LEXIS 518, *6–7 (Tex.Crim.App.2005) ("In 1995, the legislature went further and made ineligible those inmates who had ever been convicted of one of the enumerated offenses.... Specifically, the bill analysis for House Bill 1433 of the 74th Regular Legislative Session, which amended Article 42.18, Section 8(c), supports the conclusion that the legislature intended to include all prior serious offenses. The changes were intended to Amend[ ] Section 8(c), Article 42.18, Code of Criminal Procedure, to prevent those previously convicted of crimes ineligible for mandatory supervision from eligibility for any future conviction, regardless of the current offense") (citing Act of May 29, 1995, 74th Leg. R.S., ch. 263, § 1, 1995 Tex. Gen. Laws 2592 (now codified in Tex. Gov't.Code § 508.149(a)) & House Comm. on Corrections, Bill Analysis, Tex. H.B. 1433, § 1, 75th Leg., R.S. (1995)).

**13.** *See Ex parte Mabry,* 137 S.W.3d at 63 (Keasler, J., concurring) ("When an inmate has multiple convictions, he will have one conviction which governs his release date, either because it is the most recent, contains the longest sentence, or has the least amount of time credits. It is the conviction that will keep the prisoner in custody for the greatest amount of time. A prisoner's governing or "holding" conviction could be for an offense committed after 1997, but he might also have a previous conviction for first-degree burglary. In that instance, the Legislature sought to make clear that § 508.149 would apply to him, because the holding conviction is for an

offense that was committed after the statute's effective date. Even if that holding conviction were not on the list of enumerated offenses, the prisoner would still be ineligible for mandatory supervision if he had previously been convicted of an offense on the list.").

**14.** Although TDCJ has not submitted a brief in this case, it has submitted a letter brief in a different writ application, Cause No.1991CR0997; *Henry Lugo Anguiano,* No. WR–62,090–01, dealing with the same question. We do not normally consider materials and arguments submitted in one case when deciding another case, but because applicant is in TDCJ's physical custody and any relief granted would be directed toward TDCJ, its legal rationale for the grant or denial of "street time" credits under Section 508.283 should be addressed.

The construction of a statute made by an administrative agency charged with its enforcement is entitled to great consideration when that statute is ambiguous and if the construction is reasonable and does not contradict the statute's plain language. Tex. Gov't Code § 311.023(6); *see Boykin v. State,* 818 S.W.2d 782, 785–86 (Tex.Crim.App.1991) (stating that "[i]f the plain language of a statute would lead to absurd results, or if the language is not plain but rather ambiguous, then and only then, out of absolute necessity, is it constitutionally permissible for a court to consider, in arriving at a sensible interpretation, such extratextual factors as executive or administrative interpretations of the statute or legislative history"); *Tarrant Appraisal Dist. v. Moore,* 845 S.W.2d 820, 823 (Tex.1993) ("Construction of a statute by the administra-

We believe that eligibility for street time should depend strictly upon whether the person is one "described by Section 508.149(a)" at the time they are revoked; in other words, when revoked, does the offender have a current or prior conviction for an offense as listed in § 508.149(a)?

TDCJ argues that the legislature has used the list of violent offenses set out in § 508.149(a) as a means to identify particularly heinous offenses for various purposes, but legislative reference to that statute does not mean that its categorization is in lockstep with eligibility for mandatory supervision. TDCJ further notes that there is no *ex post facto* concern with determining eligibility for street-time credits based upon all of the inmate's convictions—whether obtained before or after the commission of the "holding" offense—at the time of his parole revocation.[15]

Under TDCJ's interpretation, the phrase "previously convicted" in § 508.149(a) means "convicted before the commission of the holding offense" when determining eligibility for mandatory supervision, but that same phrase in that same statute means "convicted before the date of parole revocation" when determining eligibility for street-time credit under Section 508.283(c). TDCJ notes that in *Ex parte Spann*, this Court stated that the legislative purpose of Section 508.283(c) "was to lessen the sentence of non-violent parole violators (versus violent parole violators) whose time spent out on parole exceeded their remaining sentences."[16]

TDCJ's position is a logical one—the legislature intended Section 508.283(c) to grant street-time credits only to those inmates who were convicted of non-violent offenses and who have never been convicted of any violent offense. But that is not what Section 508.283(c) says. It says that any inmate "other than a person described by Section 508.149(a)" is eligible for street-time credits. And a person described by Section 508.149(a) is one who is "serving a sentence for or has been previously convicted of" one of the enumerated violent felonies. In that section, the phrase "previously convicted of" means that the person has been convicted of a violent felony *before* committing the holding offense.[17]

---

tive agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute.").

Because we conclude that the meaning of the term "previously convicted" in 508.149(a) is not ambiguous and is subject to the *Boykin* "plain meaning" analysis of statutory construction, we decline to give great deference to TDCJ's interpretation of that phrase. Nonetheless, we acknowledge and address TDCJ's legal position even though we ultimately do not adopt it.

15. TDCJ may be correct in its *ex post facto* argument, *see Johnson v. State*, 930 S.W.2d 589, 591 (Tex.Crim.App.1996), but the issue is not whether the Constitution bars TDCJ's interpretation of the statute, but rather whether the term "prior conviction" has a single, consistent meaning within a statute, even when other statutes refer back to the original one,

or whether that meaning changes like a chameleon.

16. *Ex parte Spann*, 132 S.W.3d at 393–94.

17. *See Ex parte Ervin*, —— S.W.3d ——, ——, 2005 WL 767846, *2, 2005 Tex.Crim.App. LEXIS 518, at *6–7 (Tex.Crim.App.2005) (noting that, in amending the mandatory supervision law, "the legislature intended to include all prior serious offenses. The changes were intended to ... prevent those previously convicted of crimes ineligible for mandatory supervision from eligibility for any future conviction, regardless of the current offense") (citation omitted), *Ex parte Mabry*, 137 S.W.3d 58, 63 (Tex.Crim.App.2004) (Keasler, J., concurring) (discussing the legislative rationale for referring to previous convictions in § 508.149 and noting that even "if that holding conviction were not on the list of enumerated offenses, the prisoner would still be ineli-

Under the normal rules of statutory construction, there is a presumption of statutory consistency. That is, a word or phrase that is used within a single statute generally bears the same meaning throughout that statute and that when a second statute refers to the first statute, words or phrases within the first statute will bear their same meaning in the second statute.[18] As the United States Supreme Court has stated, "the normal rule of statutory construction" is that "identical words used in different parts of the same act are intended to have the same meaning."[19] Although that presumption may give way if the legislature has clearly intended a different result, we are unable to find any clear indication that the legislature intended that the term "previously convicted" in Section 508.149(a) carry an entirely different meaning for purposes of good-time credits under Section 508.283(c) than it does for purposes of determining eligibility for release on mandatory supervision.

Thus, we find that the plain meaning of the term "previously convicted" in § 508.149(a) is the same when it is used to describe those who are ineligible for release on mandatory supervision as when it is used to describe those who are ineligible for "street time" credit under § 508.283(c).

In this case, applicant is not serving a sentence for indecency with a child. Applicant's holding conviction for burglary occurred before his conviction for indecency with a child. Therefore, applicant's indecency conviction cannot be called a "previous" conviction under § 508.149(a) and make him ineligible for street-time credit on the burglary conviction.[20]

---

gible for mandatory supervision if he had previously been convicted of an offense on the list"); *Ex parte Hall*, 995 S.W.2d 151, 152 (Tex.Crim.App.1999) (using the terms "previous conviction" and "prior conviction" interchangeably under § 508.149 with both terms meaning a conviction obtained before the "holding" conviction).

**18.** *See, e.g., Texas Dept. of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002) ("In ascertaining a term's meaning, courts look primarily to how that term is used throughout the statute as a whole. Statutory terms should be interpreted consistently in every part of an act") (citations omitted); *Brown v. Darden*, 121 Tex. 495, 500, 50 S.W.2d 261, 263 (Tex.1932) ("Whenever a legislature has used a word in a statute in one sense and with one meaning, and subsequently uses the same word in legislating on the same subject-matter, it will be understood as using it in the same sense, unless there be something in the context or the nature of things to indicate that it intended a different meaning thereby"); *Alexander v. State*, 84 Tex.Crim. 75, 80, 204 S.W. 644, 647 (Tex.Crim.App.1918) ("In the absence of any direct judicial interpretation of the language under construction, the use of these phrases in substantially the same connection, where their meaning is undisputed, would seem to afford the best guide as to the legislative intent"); *Guthery v. Taylor*, 112 S.W.3d 715, 721–22 (Tex.App.-Houston [14th Dist.] 2003, no pet.) ("when construing a statutory word or phrase, a court may take into consideration the meaning of the same or similar language used elsewhere in the act or in another act of similar nature. When the same or a similar term is used in the same connection in different statutes, the term will be given the same meaning in one as in the other, unless there is something to indicate that a different meaning was intended.") (citations omitted).

**19.** *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (quoting *Department of Revenue of Ore. v. ACF Indus., Inc.*, 510 U.S. 332, 342, 114 S.Ct. 843, 127 L.Ed.2d 165 (1994)); *See also Desert Palace, Inc. v. Costa*, 539 U.S. 90, 101, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); *Commissioner v. Lundy*, 516 U.S. 235, 250, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) ("The interrelationship and close proximity of these provisions of the statute presents a classic case for application of the normal rule of statutory construction that identical words used in different parts of the same act are intended to have the same meaning.") (internal quotations omitted).

**20.** *Cf. Ex parte Ervin*, —— S.W.3d at ——, 2005 WL 767846, *2, 2005 Tex.Crim.App.

Applicant is entitled to relief. TDCJ shall treat applicant as an inmate eligible for release to mandatory supervision and, because applicant qualifies for street-time credit, shall credit him with his out-of-custody time during his latest release. Copies of this opinion shall be sent to TDCJ–CID and the Board of Pardons and Paroles.

MEYERS and WOMACK, JJ., not participating.

KELLER, P.J., filed a dissenting opinion.

KELLER, Presiding Judge.

In 2001, the Legislature added to Government Code § 508.283 a provision that awards street time credit to certain offenders upon revocation of parole or mandatory supervision.[1] This time credit does not apply to "a person described by Section 508.149(a)."[2] The Court's opinion equates the phrase "a person described by Section 508.149(a)" with "a person to whom Section 508.149(a) applies" and it construes "previously convicted" to mean "convicted before the holding offense." I respectfully disagree with both of these propositions.

## A. General statutory construction principles

In construing a statute, we look to the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended.[3] In conducting a plain meaning inquiry, we read words and phrases in context and construe them according to the rules of grammar and common usage.[4] Moreover, "[w]ords or phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly."[5]

## B. "described by"

The question here is how to treat § 508.283's reference to another statute, § 508.149(a). The answer to that question can be found, in part, in Government Code § 311.027, which states: "Unless expressly provided otherwise, a reference to any portion of a statute or rule applies to all reenactments, revisions, or amendments of the statute or rule."[6] In addressing this provision, our sister court, the Texas Supreme Court, explained: "When one statute references another statute, one must look to the referenced statute to understand the referencing statute.... [W]hen the referenced statute is amended or revised, the referencing statute incorporates the amendments or revisions."[7] In accordance with this reasoning, the Supreme Court held that a reference in the juvenile determinate sentencing statute (Family Code § 53.045) to the murder statute (Pe-

---

LEXIS 518 at *8 ("applicant is not eligible for mandatory supervision release because he has been *previously* convicted of a second degree predecessor of Penal Code Section 22.011 (sexual assault) and because Government Code Section 508.149(a) precludes from release inmates who have been convicted of such an offense or its predecessors") (emphasis supplied).

1. Tex. Gov't Code § 508.283(c).

2. § 508.283(b), (c).

3. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

4. *Lane v. State,* 933 S.W.2d 504, 515 n. 12 (Tex.Crim.App.1996); Tex. Gov't Code § 311.011(a).

5. *Ex parte Rieck,* 144 S.W.3d 510, 512 (Tex. Crim.App.2004); Tex. Gov't Code § 311.011(b).

6. Tex. Gov't Code § 311.027.

7. *In re R.J.J.,* 959 S.W.2d 185, 186 (Tex.1998).

nal Code § 19.02) applied to the version of the murder statute in existence when the offense was committed (for which the juvenile was being sentenced), which was November 1994.[8] As a result, the post-September 1994 treatment of "sudden passion" applied to the juvenile sentencing proceeding.[9]

So, the Legislature has specifically prescribed how to treat a statute's reference to another statutory provision. Absent express direction to the contrary, a reference to a statute is to the current version of the referenced statute, as of the date the referencing statute applies in the case. This is true even when the referenced statute has been recently amended and the referencing statute has been unchanged for several years. The referencing statute is essentially "updated" by any changes to the referenced statute.

The 2001 amendment to § 508.283 applies to "any revocation that occurs on or after September 1, 2001."[10] The date the "street time credit" provision applies to the defendant, then, is the date his mandatory supervision was revoked. So to the extent the meaning of § 508.283 in the year 2004 (when applicant was revoked) turns upon its reference to § 508.149(a), the meaning of the former provision will turn upon an examination of the then-current version of § 508.149(a)—the version in effect in 2004.

The version of § 508.149(a) in effect in 2004 provides in relevant part: "An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of ... a second or third degree felony under Section 21.11, Penal Code."[11] With his prior conviction in 1997 for indecency with a child, applicant clearly was, in 2004, "a person described by Section 508.149(a)."

It is true that § 508.149(a) did not *apply* to applicant at the time of his revocation (and in fact does not apply to him even today). When applicant committed his burglary offense, the words "previously convicted of" were not included in Article 42.18, § 8(c),[12] the predecessor to § 508.149(a). Those words were not added until 1996,[13] and the change applied only to "a prisoner serving a sentence for an offense committed on or after the effective date" of the amendment.[14] So applicant's conviction for indecency with a child, even if considered a "previous conviction," could not render him ineligible for mandatory supervision because the burglary sentence he is serving was committed before the effective date of the change and, by the time he was revoked, he was no longer serving the indecency offense.[15]

---

8. *Id.* at 185–186.

9. *Id.* at 186. Amendments effective September 1994 eliminated the offense of voluntary manslaughter and made "sudden passion" a punishment issue, on which the defendant carried the burden of proof, in a murder prosecution. *See id.* at 186.

10. Acts 2001, 77th Leg., ch. 856, § 11.

11. § 508.149(a)(5).

12. Tex.Code Crim. Proc., Art. 42.18, § 8(c)(1992).

13. Acts 1995, 74th Leg., ch. 263, § 1, eff. Sept. 1, 1996.

14. *Id.* at § 3(a).

15. At the time he committed the indecency offense, indecency with a child was not on the list of ineligible offenses. *See* Acts 1997, 75th Leg., ch. 238, § 2. Had he committed the offense three months later, he would arguably have been rendered ineligible for mandatory supervision while serving the indecency offense, *see id.* at § 2(a)(second degree indecency with a child included on list as of September 1993 amendments) and Tex. Pen.Code § 21.11(a)(1) & (d)(1992)(indecency of a child by contact is a second degree felony), but would then become mandatory supervision

But the question in the present case is not the *applicability* of § 508.149(a). The question is whether applicant is "described by" that provision. It is true that § 508.149(a) that begins with, "An inmate may not be released to mandatory supervision if," but that is the directive clause of the statutory provision. The rest of the provision is the descriptive clause, setting forth what exactly makes a person ineligible for mandatory supervision. If the "street time credit" provision (§ 508.283) had excluded from its reach "a person to whom Section 508.149(a) applies," then the rule for giving effect to the current version of the referenced statute would have required this Court to look to the various applicability and effective date provisions (which themselves are almost never amended), and that inquiry would have resulted in construing the "street time credit" provision to apply only to those who are in fact ineligible for mandatory supervision. But by excluding from the credit those who are "described by" § 508.149(a), the Legislature dictated that we should look to the current list of ineligible offenses and determine whether applicant's convictions fall within that list.

## C. "previously convicted of"

The Court indicates that the phrase "previously convicted of" in § 508.149(a) refers to a conviction that is previous to the commission of the holding offense. But the statute does not say that. Rather, § 508.149(a) refers to an inmate who "is serving a sentence for or has been previously convicted of" a listed offense. This phrase suggests that the Legislature intended to comprehensively cover all persons convicted of a listed offense, whether or not the conviction in question happens to be the holding offense.

Moreover, the phrase "serving a sentence for" indicates that the time-frame for assessing the existence of a listed offense is the time the inmate would otherwise be eligible for release. That is, the inmate will not be released, even if his time credits make him otherwise eligible, if he is serving a sentence for a listed offense. This interpretation is consistent with the "discretionary mandatory supervision" subsection of the same statute which clearly centers on the time period of possible release, not the time the original offense was committed:

> *An inmate may not be released to mandatory supervision if* a parole panel determines that:
>
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2) the inmate's release would endanger the public.[16]

The attentive reader will notice that the directive clause of subsection (b)(in italics) is identical to the directive clause found in subsection (a). Examining other portions of a statute to help ascertain the meaning of a particular subsection is an appropriate practice,[17] and here, the parallel construction strongly suggests that both subsections have the same temporal focus.

Of course, § 508.283 is not concerned with release but with whether street time credit is given upon revocation. But the focus of § 508.149 upon release is a focus upon the relief granted, so § 508.283's incorporation of § 508.149(a) should result in a parallel focus: ascertaining the existence of a listed offense at the time the time

---

eligible on the burglary offense once his service on the indecency offense was finished.

**16.** § 508.149(b)(emphasis added).

17. *See Long v. State,* 931 S.W.2d 285, 291 (Tex.Crim.App.1996); *State v. Stevenson,* 958 S.W.2d 824, 828 (Tex.Crim.App.1997).

credit would be granted—the revocation of parole or mandatory supervision. Using the appropriate focus in applicant's case reveals that applicant is ineligible for the time credit because, at time of revocation, he had a previous conviction for indecency with a child, an offense on the then-current list found in § 508.149(a).

Consequently, I would deny relief. I respectfully dissent.