IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-46,696-03






EX PARTE JOE BILL TURNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W296-80637-98(WC)(3) IN THE 219TH JUDICIAL DISTRICT
COURT

FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault on a
public servant and sentenced to fifteen years' imprisonment. 

 Applicant contended that he was denied adequate notice that he would be considered for
release on mandatory supervision by the Texas Board of Pardons and Paroles under the discretionary
mandatory-supervision statute, Tex. Code Crim. Proc. art. 42.18, § 8(c). This Court remanded to
the trial court for findings of fact and affidavits addressing Applicant's claims. On remand, the trial
court obtained affidavits from TDCJ's Parole Division, Review And Release Processing Section. 
According to those affidavits, Applicant has been considered for and denied release to discretionary-mandatory supervision on at least four occasions. Prior to each review, notices were generated to
inform Applicant that he was in the review process. However, the record after remand does not
contain copies of the notices sent to Applicant. Based on the dates given in the affidavit as
Applicant's "next review" dates, and the dates upon which the parole panel decided to deny
Applicant release on discretionary-mandatory supervision, it appears that Applicant may have been
denied the full opportunity he was told he would have in order to submit relevant information to the
Board. See Ex parte Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004).

 In addition, the affidavit submitted by TDCJ on remand reflects that Applicant was recently
"deemed ineligible" for discretionary mandatory supervision by TDCJ because of a previous
conviction for sexual assault. According to the affidavit, Applicant committed the sexual assault on
August 17,1986. However, he was not convicted of the sexual assault until April 8, 1999, when he
was convicted and sentenced to five years' imprisonment. Apparently, TDCJ determined that
because Applicant has been "previously convicted" of an offense described in Section 508.149(a)
of the Texas Government Code, he should not have been eligible for discretionary mandatory
supervision for this conviction.

 As we held in Ex parte Keller, 173 S.W.3d 492, 495-496 (Tex. Crim. App. 2005), eligibility
for mandatory supervision is determined by the law in effect at the time the "holding offense" is
committed, and once eligible on a given offense, an inmate remains eligible on that offense
regardless of whether the applicable mandatory supervision law has changed in the meantime. At
the time Applicant committed this assault on a public servant, he had not yet been convicted of the
sexual assault offense. The record does not show whether Applicant is currently serving the five-year sentence for sexual assault, or if he has discharged that sentence, when he discharged it. If
Applicant is currently serving the sentence for sexual assault, he cannot be released to discretionary
mandatory supervision. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the record with copies of the notices generated on
September 29, 2003, December 2, 2004, November 1, 2005, October 4, 2006, and September 1,
2007, informing Applicant that he was in the review process for discretionary mandatory
supervision. The trial court shall then make findings of fact as to whether Applicant was afforded
adequate notice that he would be considered for release on mandatory supervision by the Texas
Board of Pardons and Paroles under the discretionary mandatory-supervision statute. Ex parte
Retzlaff, 135 S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall make findings as to whether
the parole panel made the decision to deny release in each instance on a date prior to Applicant's
"next review" date. The trial court shall also make findings as to whether, at the time Applicant
committed this assault on a public servant, he had previously been convicted of sexual assault, or
any other offense which would render him ineligible for discretionary mandatory supervision. The
trial court shall supplement the record with copies of the judgment(s) and sentence(s) from any such
prior conviction(s). The trial court shall make findings as to whether Applicant has discharged his
five-year sentence for sexual assault in Cause Number 35159 from Grayson County, and if so, the
date upon which his sentence was discharged. If Applicant is currently serving a sentence for an
offense which would render him ineligible for mandatory supervision under Texas Government Code
§508.149(a), the trial court shall supplement the record with a copy of the judgment and sentence
in that cause. The trial court shall make findings as to whether Applicant is currently designated as
eligible for discretionary mandatory supervision for this conviction, and whether such designation
is correct under Ex parte Keller. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 4, 2008

Do not publish