

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,985

### EX PARTE IGNACIO ZENDEJAS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 655853-A IN THE 228TH JUDICIAL DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a building and sentenced to ten years' imprisonment.

Applicant contends that he is being improperly denied street time credit for a period of mandatory supervision from October, 2002, until April, 2005. As a preliminary matter, the trial court finds that Applicant has not properly exhausted his administrative remedies as required by Texas Government Code §501.0081, because he submitted a claim to the time credit resolution

system of the Texas Department of Criminal Justice and received a response from that office after he filed this writ in the district court. However, attached to Applicant's writ is evidence that he previously submitted his claim to the time credit resolution system, and received a response from that office prior to filing this writ in the district court.

In the alternative, the trial court recommends denying relief on the merits of Applicant's claim. The Texas Department of Criminal Justice–Classification and Records and Review and Release Processing Divisions have provided affidavits in connection with Applicant's writ. Based on those affidavits, the trial court finds that Applicant is ineligible to earn street time credit under Texas Government Code §508.283. The trial court finds that at the time of the revocation of his mandatory supervision, Applicant was a person "described by Texas Government Code §508.149(a)," because of a conviction for indecency with a child.

Pursuant to this Court's decision in *Ex parte Keller*, 173 S.W.3d 492, 496 (Tex. Crim. App. 2005), only if the indecency conviction were the holding offense, or if the holding offense had been committed after the indecency conviction, would Applicant be a person "described by §508.149(a)."

According to TDCJ's records, Applicant committed this burglary offense on January 30, 1993. He pleaded guilty and received eight years' deferred adjudication community supervision on February 2, 1993. On July 24, 1995, Applicant committed indecency with a child. On December 12, 1997, Applicant's guilt was adjudicated for the burglary offense, and he was sentenced to ten years' imprisonment. On the same date, Applicant was convicted of indecency with a child, and sentenced to five years' imprisonment in that cause.

Applicant discharged the five-year indecency with a child sentence on October 30, 2002. On the same date, he was released to mandatory supervision in this cause. This offense is Applicant's "holding" conviction. This offense was committed before, not after, Applicant's indecency with a

child conviction. Under *Ex parte Keller*, the indecency conviction is not a previous conviction for purposes of determining either Applicant's mandatory supervision eligibility, or for purposes of determining his eligibility for street time credit.

At the time of his October 30, 2002, release on mandatory supervision, Applicant had a "mid-point" date of February 17, 2005. A pre-revocation warrant was issued on April 15, 2005, and executed on April 22, 2005. Applicant's mandatory supervision was eventually revoked on May 26, 2005. Because the remaining portion of Applicant's sentence was less than the time he spent on mandatory supervision prior to his arrest, he should have received credit for that time. *Ex parte Spann*, 132 S.W.3d 390, 396 (Tex. Crim. App. 2004).

Applicant is entitled to relief. TDCJ shall treat Applicant as an inmate who qualifies for street-time credit, and shall credit him with his out-of-custody time during his October, 2002, to April, 2005, release. If Applicant is entitled to street time credit for any subsequent period of release on mandatory supervision or parole, TDCJ shall credit him with such time.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 10, 2008
Do not publish