IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. AP-75,985




EX PARTE IGNACIO ZENDEJAS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 655853-A IN THE 228TH JUDICIAL DISTRICT COURT
FROM HARRIS COUNTY




           Per curiam.

O P I N I O N

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to ten years’ imprisonment. 
            Applicant contends that he is being improperly denied street time credit for a period of
mandatory supervision from October, 2002, until April, 2005. As a preliminary matter, the trial
court finds that Applicant has not properly exhausted his administrative remedies as required by
Texas Government Code §501.0081, because he submitted a claim to the time credit resolution
system of the Texas Department of Criminal Justice and received a response from that office after
he filed this writ in the district court. However, attached to Applicant’s writ is evidence that he
previously submitted his claim to the time credit resolution system, and received a response from
that office prior to filing this writ in the district court. 
            In the alternative, the trial court recommends denying relief on the merits of Applicant’s
claim. The Texas Department of Criminal Justice–Classification and Records and Review and
Release Processing Divisions have provided affidavits in connection with Applicant’s writ. Based
on those affidavits, the trial court finds that Applicant is ineligible to earn street time credit under
Texas Government Code §508.283. The trial court finds that at the time of the revocation of his
mandatory supervision, Applicant was a person “described by Texas Government Code
§508.149(a),” because of a conviction for indecency with a child. 
            Pursuant to this Court’s decision in Ex parte Keller, 173 S.W.3d 492, 496 (Tex. Crim. App.
2005), only if the indecency conviction were the holding offense, or if the holding offense had been
committed after the indecency conviction, would Applicant be a person “described by §508.149(a).”
            According to TDCJ’s records, Applicant committed this burglary offense on January 30,
1993. He pleaded guilty and received eight years’ deferred adjudication community supervision on
February 2, 1993. On July 24, 1995, Applicant committed indecency with a child. On December
12, 1997, Applicant’s guilt was adjudicated for the burglary offense, and he was sentenced to ten
years’ imprisonment. On the same date, Applicant was convicted of indecency with a child, and
sentenced to five years’ imprisonment in that cause. 
            Applicant discharged the five-year indecency with a child sentence on October 30, 2002. On
the same date, he was released to mandatory supervision in this cause. This offense is Applicant’s
“holding”conviction. This offense was committed before, not after, Applicant’s indecency with a
child conviction. Under Ex parte Keller, the indecency conviction is not a previous conviction for
purposes of determining either Applicant’s mandatory supervision eligibility, or for purposes of
determining his eligibility for street time credit. 
            At the time of his October 30, 2002, release on mandatory supervision, Applicant had a “mid-point” date of February 17, 2005. A pre-revocation warrant was issued on April 15, 2005, and
executed on April 22, 2005. Applicant’s mandatory supervision was eventually revoked on May 26,
2005. Because the remaining portion of Applicant’s sentence was less than the time he spent on
mandatory supervision prior to his arrest, he should have received credit for that time. Ex parte
Spann, 132 S.W.3d 390, 396 (Tex. Crim. App. 2004).
            Applicant is entitled to relief. TDCJ shall treat Applicant as an inmate who qualifies for
street-time credit, and shall credit him with his out-of-custody time during his October, 2002, to
April, 2005, release. If Applicant is entitled to street time credit for any subsequent period of release
on mandatory supervision or parole, TDCJ shall credit him with such time.
            Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional
Institutions Division and Pardons and Paroles Division.


Delivered: September 10, 2008
Do not publish