

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-75,933

### Ex parte FRANK GARCIA HERNANDEZ, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 22048-02-A IN THE 47TH DISTRICT COURT
### POTTER COUNTY

KELLER, P.J., delivered the opinion of the Court in which WOMACK, KEASLER, HERVEY, HOLCOMB and COCHRAN, JJ., joined. KEASLER, J., filed a concurring opinion. JOHNSON, J., filed a dissenting opinion in which PRICE, J., joined. MEYERS, J. dissented.

We filed and set this habeas application to determine whether a person released on parole or mandatory supervision is entitled to credit for "street time" on his original sentence under Texas Government Code §508.283(c) if, after release but before revocation, he begins serving a sentence on a new conviction for an offense that is described by Texas Government Code §508.149(a). We conclude that such a person is not entitled to the §508.283(c) time credit.

## I. BACKGROUND

In 1983, applicant was convicted of the offense of unauthorized use of a motor vehicle

(UUMV) and sentenced to twenty-five years of imprisonment. He was released on parole in February of 1987. On August 26, 2004, applicant committed a robbery. A parole violator warrant for the UUMV offense issued on August 30. On December 28, applicant was convicted of robbery, and on January 25, 2005, his parole for the UUMV conviction was revoked. Taking into account credit for pretrial incarceration, applicant's "begin date" for the robbery sentence was set at August 27, 2004.

In an application for a writ of habeas corpus, applicant contended that he was denied credit, in violation of §508.283, for time spent on parole. We remanded the application to the trial court to make findings on why applicant was not receiving such credit. The trial court found that, on the date that applicant's parole was revoked, he was serving a sentence for, or had been previously convicted of, an offense listed in §508.149(a) and was therefore not entitled to credit for time spent on early release. Consequently, the trial court recommended that relief be denied.

In his brief on submission, applicant continues to argue that he is entitled to credit on his UUMV sentence for time spent on parole. He first contends that the law in effect on the date that he was convicted of UUMV determines whether he is an inmate described by §508.149(a), and robbery was not listed within that section or its predecessor in 1983. In the alternative, applicant contends that, even if he is currently an inmate described by §508.149(a) because he is "serving a sentence" for a robbery offense, when the robbery sentence expires, he will no longer be an inmate described by §508.149(a) and will at that time be entitled to credit for his "street time."

## II. ANALYSIS

Under §508.283(c), a person is entitled to credit for time served while released to parole or

mandatory supervision if he meets two conditions: (1) he is not "a person described by §508.149(a),"[1] and (2) on the date that the warrant or summons initiating the revocation process issued, the remaining portion of his sentence was less than the time he spent on parole.[2] It is undisputed that applicant has met the second condition, so the only question is whether he is "a person described by §508.149(a)."

Though §508.283 incorporates §508.149(a) by reference, the most direct function served by §508.149(a) is to describe persons who are not eligible for mandatory supervision.[3] Before 1987, the only inmates who were categorically excluded from mandatory supervision were those who were sentenced to death.[4] Eligibility for mandatory supervision is determined by the law in effect on the date that the inmate committed the offense.[5] But eligibility under §508.283(c) for credit for time spent on early release is determined by the law in effect on the date that the releasee's parole or mandatory supervision was revoked – including the version of §508.149(a) in effect on the date of revocation.[6] So it is entirely possible for a convicted person to be eligible for mandatory supervision

---

[1] TEX. GOV'T CODE §508.283(b), (c).

[2] *Id.*, §508.283(c).

[3] *See id.*, §508.149(a).

[4] *See Ex parte Forward*, 258 S.W.3d 151, 153 (Tex. Crim. App. 2008); TEX. CODE CRIM. PROC. art. 42.18, §8(c)(1985).

[5] *Ex parte Byrd*, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005).

[6] *Ex parte Noyola*, 215 S.W.3d 862, 866-67 (Tex. Crim. App. 2007).

but ineligible for the time credit and vice-versa.[7] To determine whether applicant is eligible for the time credit, then, we must look, not to the law of 1983, when applicant committed the UUMV offense, but to the law of 2005, when applicant's parole on the UUMV offense was revoked.

The relevant portion of §508.149(a) is the same today as the 2005 version, and it provides: "An inmate may not be released to mandatory supervision if the inmate *is serving a sentence for* or has been previously convicted of . . . a second degree felony under Section 29.02, Penal Code."[8] In *Ex parte Keller*, we held that the phrase "previously convicted of" refers to a conviction that occurs before the inmate's "holding conviction,"[9] the "holding conviction" being the one for which the inmate is serving a sentence. In that case, the inmate was released to parole on a burglary-of-a-vehicle conviction, and while on parole, committed the offense of indecency with a child, for which he was convicted.[10] Some time after his parole had been revoked and he had served the entirety of his indecency offense, the inmate was released on mandatory supervision for the burglary offense.[11] He was eligible for the credit for "street time" when his mandatory supervision was revoked because the indecency conviction occurred *after* (not before) the burglary conviction.[12] Significantly, the *Keller*

---

[7] *See Byrd*, 162 S.W.3d at 252 (discussing implications of rule later adopted in *Noyola*).

[8] Tex. Gov't Code §508.149(a)(11)(emphasis added). We also note that §508.283 was last amended in 2003, so the 2005 version is identical to the current version of the statute.

[9] *Ex parte Keller*, 173 S.W.3d 492, 496 (Tex. Crim. App. 2005).

[10] *Id.* at 493.

[11] *Id.* at 493, 495.

[12] *Id.* at 496.

opinion stated, "Only if the indecency conviction were the holding offense (or if the holding offense were one committed after the 1997 indecency conviction) would applicant be a person 'described by §508.149(a).'"[13] But the indecency conviction could not be the holding conviction because the sentence had already been discharged, so the inmate was not "serving a sentence" for that conviction.

In the present case, if the UUMV conviction were viewed as the "holding" conviction, then applicant's subsequent robbery conviction could not qualify as a "previous" conviction under *Keller* because it occurred after the "holding" conviction. But under *Keller*, nothing prevents the robbery conviction from qualifying as a "holding" conviction, because applicant was in fact serving a sentence for the robbery on the date of his UUMV revocation. Nothing in the language of §508.149(a) requires that some sort of limitation be read into the phrase "serving a sentence," and we see no compelling reason to do so.[14] We conclude that, because applicant was serving a sentence for robbery at the time of his UUMV revocation, he was a person described by §508.149(a).

All that remains is applicant's contention that he may later obtain credit for his street time on the UUMV offense when he completes his robbery sentence. We reject that contention because the

---

[13] *Id.*

[14] We note that we are obligated to construe a statute in accordance with the plain meaning of its text unless the plain meaning leads to absurd results that the Legislature could not have possibly intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Though we do not view the plain meaning as producing an absurd result, we note that the legislative history provides no guidance on the question before us. *See* H.B. 1585, House Comm. on Corrections, 77th Leg., R.S. (Mar. 6, 2001) (audio at http://www.house.state.tx.us./committees/audio77/200.htm beginning at 1:17:25).

time credit statute focuses on the releasee's status at the time of revocation.[15] The releasee is either a person described by §508.149(a) at the time of revocation or he is not. His status at the time of revocation determines whether he gets the time credit.

We deny relief.

Delivered: January 28, 2009
Publish

---

[15]T EX. GOV'T CODE §508.283(b)("If the parole, mandatory supervision, or conditional pardon of a person described by Section 508.149(a) is revoked . . . ."), (c)("If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked . . . .").