IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-75,933






Ex parte FRANK GARCIA HERNANDEZ, JR., Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS

IN CAUSE NO. 22048-02-A IN THE 47TH DISTRICT COURT

POTTER COUNTY




 Keller, P.J., delivered the opinion of the Court in which Womack, Keasler,
Hervey, Holcomb and Cochran, JJ., joined. Keasler, J., filed a concurring opinion. 
Johnson, J., filed a dissenting opinion in which Price, J., joined. Meyers, J. dissented.



 We filed and set this habeas application to determine whether a person released on parole or
mandatory supervision is entitled to credit for "street time" on his original sentence under Texas
Government Code §508.283(c) if, after release but before revocation, he begins serving a sentence
on a new conviction for an offense that is described by Texas Government Code §508.149(a). We
conclude that such a person is not entitled to the §508.283(c) time credit.

I. BACKGROUND


 In 1983, applicant was convicted of the offense of unauthorized use of a motor vehicle
(UUMV) and sentenced to twenty-five years of imprisonment. He was released on parole in February
of 1987. On August 26, 2004, applicant committed a robbery. A parole violator warrant for the
UUMV offense issued on August 30. On December 28, applicant was convicted of robbery, and on
January 25, 2005, his parole for the UUMV conviction was revoked. Taking into account credit for
pretrial incarceration, applicant's "begin date" for the robbery sentence was set at August 27, 2004. 

 In an application for a writ of habeas corpus, applicant contended that he was denied credit,
in violation of §508.283, for time spent on parole. We remanded the application to the trial court to
make findings on why applicant was not receiving such credit. The trial court found that, on the date
that applicant's parole was revoked, he was serving a sentence for, or had been previously convicted
of, an offense listed in §508.149(a) and was therefore not entitled to credit for time spent on early
release. Consequently, the trial court recommended that relief be denied.

 In his brief on submission, applicant continues to argue that he is entitled to credit on his
UUMV sentence for time spent on parole. He first contends that the law in effect on the date that he
was convicted of UUMV determines whether he is an inmate described by §508.149(a), and robbery
was not listed within that section or its predecessor in 1983. In the alternative, applicant contends
that, even if he is currently an inmate described by §508.149(a) because he is "serving a sentence"
for a robbery offense, when the robbery sentence expires, he will no longer be an inmate described
by §508.149(a) and will at that time be entitled to credit for his "street time." 

II. ANALYSIS


 Under §508.283(c), a person is entitled to credit for time served while released to parole or
mandatory supervision if he meets two conditions: (1) he is not "a person described by §508.149(a)," (1)
and (2) on the date that the warrant or summons initiating the revocation process issued, the
remaining portion of his sentence was less than the time he spent on parole. (2) It is undisputed that
applicant has met the second condition, so the only question is whether he is "a person described by
§508.149(a)."

 Though §508.283 incorporates §508.149(a) by reference, the most direct function served by
§508.149(a) is to describe persons who are not eligible for mandatory supervision. (3) Before 1987, the
only inmates who were categorically excluded from mandatory supervision were those who were
sentenced to death. (4) Eligibility for mandatory supervision is determined by the law in effect on the
date that the inmate committed the offense. (5) But eligibility under §508.283(c) for credit for time
spent on early release is determined by the law in effect on the date that the releasee's parole or
mandatory supervision was revoked - including the version of §508.149(a) in effect on the date of
revocation. (6) So it is entirely possible for a convicted person to be eligible for mandatory supervision
but ineligible for the time credit and vice-versa. (7) To determine whether applicant is eligible for the
time credit, then, we must look, not to the law of 1983, when applicant committed the UUMV
offense, but to the law of 2005, when applicant's parole on the UUMV offense was revoked.

 The relevant portion of §508.149(a) is the same today as the 2005 version, and it provides:
"An inmate may not be released to mandatory supervision if the inmate is serving a sentence for or
has been previously convicted of . . . a second degree felony under Section 29.02, Penal Code." (8) In
Ex parte Keller, we held that the phrase "previously convicted of" refers to a conviction that occurs
before the inmate's "holding conviction," (9) the "holding conviction" being the one for which the
inmate is serving a sentence. In that case, the inmate was released to parole on a burglary-of-a-vehicle
conviction, and while on parole, committed the offense of indecency with a child, for which he was
convicted. (10) Some time after his parole had been revoked and he had served the entirety of his
indecency offense, the inmate was released on mandatory supervision for the burglary offense. (11) He
was eligible for the credit for "street time" when his mandatory supervision was revoked because the
indecency conviction occurred after (not before) the burglary conviction. (12) Significantly, the Keller
opinion stated, "Only if the indecency conviction were the holding offense (or if the holding offense
were one committed after the 1997 indecency conviction) would applicant be a person 'described by
§508.149(a).'" (13) But the indecency conviction could not be the holding conviction because the
sentence had already been discharged, so the inmate was not "serving a sentence" for that conviction.

 In the present case, if the UUMV conviction were viewed as the "holding" conviction, then
applicant's subsequent robbery conviction could not qualify as a "previous" conviction under Keller
because it occurred after the "holding" conviction. But under Keller, nothing prevents the robbery
conviction from qualifying as a "holding" conviction, because applicant was in fact serving a sentence
for the robbery on the date of his UUMV revocation. Nothing in the language of §508.149(a) requires
that some sort of limitation be read into the phrase "serving a sentence," and we see no compelling
reason to do so. (14) We conclude that, because applicant was serving a sentence for robbery at the time
of his UUMV revocation, he was a person described by §508.149(a).

 All that remains is applicant's contention that he may later obtain credit for his street time on
the UUMV offense when he completes his robbery sentence. We reject that contention because the
time credit statute focuses on the releasee's status at the time of revocation. (15) The releasee is either
a person described by §508.149(a) at the time of revocation or he is not. His status at the time of
revocation determines whether he gets the time credit.

 We deny relief.

Delivered: January 28, 2009

Publish 
1. Tex. Gov't Code §508.283(b), (c).
2. Id., §508.283(c).
3. See id., §508.149(a).
4. See Ex parte Forward, 258 S.W.3d 151, 153 (Tex. Crim. App. 2008); Tex. Code Crim.
Proc. art. 42.18, §8(c)(1985).
5. Ex parte Byrd, 162 S.W.3d 250, 252 (Tex. Crim. App. 2005).
6. Ex parte Noyola, 215 S.W.3d 862, 866-67 (Tex. Crim. App. 2007).
7. See Byrd, 162 S.W.3d at 252 (discussing implications of rule later adopted in Noyola). 
8. Tex. Gov't Code §508.149(a)(11)(emphasis added). We also note that §508.283 was last
amended in 2003, so the 2005 version is identical to the current version of the statute.
9. Ex parte Keller, 173 S.W.3d 492, 496 (Tex. Crim. App. 2005).
10. Id. at 493.
11. Id. at 493, 495.
12. Id. at 496.
13. Id.
14. We note that we are obligated to construe a statute in accordance with the plain
meaning of its text unless the plain meaning leads to absurd results that the Legislature could not
have possibly intended. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). Though
we do not view the plain meaning as producing an absurd result, we note that the legislative
history provides no guidance on the question before us. See H.B. 1585, House Comm. on
Corrections, 77th Leg., R.S. (Mar. 6, 2001) (audio at
http://www.house.state.tx.us./committees/audio77/200.htm beginning at 1:17:25). 
15. Tex. Gov't Code §508.283(b)("If the parole, mandatory supervision, or conditional
pardon of a person described by Section 508.149(a) is revoked . . . ."), (c)("If the parole,
mandatory supervision, or conditional pardon of a person other than a person described by
Section 508.149(a) is revoked . . . .").